**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LILLIAN LOUISE MORGAN VOGT, individually and as the Representative of a class of similarly situated persons, | ) ) ) ) |
| Plaintiffs, | ) Case No. 4:22-cv-385 |
| v. | ) ) **JURY TRIAL DEMANDED** |
| K & B AUTO SALES LLC and PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

**NOTICE OF REMOVAL**[1]

Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, Defendant Progressive Casualty Insurance Company ("Progressive") hereby removes the above-captioned action from the Circuit Court of St. Louis County, Missouri, where it is now pending, to the United States District Court for the Eastern District of Missouri, stating as follows:

### I. THE REMOVED ACTION AND PLAINTIFF'S ALLEGATIONS

1. This putative class action arises from Progressive's alleged failure to obtain a salvage title for vehicles that Plaintiff and other proposed class members later purchased from third parties. (Second Am. Pet. ¶¶ 19–20.)

2. On January 6, 2021, Plaintiff Lillian Louise Morgan Vogt filed an action in the Circuit Court of St. Louis County, Missouri, against K & B Auto Sales LLC, entitled *Lillian Louise Morgan Vogt v. K & B Auto Sales LLC*, Case No. 21SL-AC01922 (the "State Court Action"). Progressive was not named in the original Petition.

---

[1] In removing this Action to this Court, Progressive does not admit any allegations or waive any defenses it may have to Plaintiff's claims.

3. According to the docket in the State Court Action, Plaintiff filed a First Amended Petition on August 17, 2021, wherein she named Progressive as a Defendant. (*See* First Am. Pet.)

4. Progressive was never served with the First Amended Petition.

5. On February 9, 2022, Plaintiff filed her Second Amended Petition, wherein she added class action allegations for the first time. (Second Am. Pet. ¶¶ 20–33.)

6. In her Second Amended Petition, Plaintiff asserts claims against Progressive for (1) negligence, (2) negligent misrepresentation, (3) negligence per se, (4) fraudulent misrepresentation, (5) Missouri's Merchandising Practices Act, (6) breach of implied warranty of merchantability by description, (7) breach of warranty of title, (8) breach of express warranty, and (9) breach of the Magnuson-Moss Warranty Act. (Second Am. Pet. Counts III–XI.)

7. Plaintiff seeks to bring this action on behalf of herself and a class defined as follows:

> All individuals who purchased a vehicle for personal, family or household use which Progressive had previously purchased in Missouri for salvage, dismantling or rebuilding, when the vehicle was less than 7 years old, and damaged, but for which Progressive failed to obtain a salvage certificate.

(Second Am. Pet. ¶ 20.)

8. Plaintiff alleges "Progressive has obtained clean titles for salvage, dismantled or rebuilt vehicles, and represented that the salvage vehicles it sells have an original or clean titles . . . thousands of times." (Second Am. Pet. ¶ 19.)

9. Plaintiff, individually and on behalf of the proposed class, seeks damages in excess of $25,000 punitive damages, and injunctive relief for each of the nine counts against Progressive. (Second Am. Pet. Counts III–XI.) Additionally, Plaintiff, individually and on behalf of the proposed class, seeks recovery of attorneys' fees from Progressive for Counts VII and XI.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10. The Class Action Fairness Act ("CAFA") grants federal courts jurisdiction over qualifying class actions in which there is minimal diversity, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(6), 1332(d)(5)(B). As set forth below, all of those requirements are met. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), making removal possible.

### A. The aggregate number of proposed class members exceeds 100.

11. CAFA requires that the proposed class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).

12. Progressive is entitled to rely on the estimate of the class number set forth in Plaintiff's Second Amended Petition. *See Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 932 (8th Cir. 2013).

13. In her Second Amended Petition, Plaintiff alleges that "[o]n information and belief, the class consists of at least thousands of consumers." (Second Am. Pet. ¶ 21.)

14. As such, it is facially apparent from the allegations in Plaintiff's Second Amended Petition that the proposed class consists of more than 100 members. *See Brown*, 738 F.3d at 932 (finding the numerosity requirement had been met by the allegations in plaintiff's complaint).

15. Further, Progressive has processed approximately 24,678 total loss claims in Missouri for vehicles that were less than 7 years old and for which Progressive obtained ownership of the vehicle after the total loss settlement during the 5-year limitations period.

16. Therefore, the proposed class clearly exceeds 100 members.

### B. Minimal diversity of citizenship exists.

17. The second CAFA requirement is minimal diversity—at least one putative class

member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d).

18.     Plaintiff alleges she is a citizen of Missouri. (Second Am. Pet. ¶ 1.)

19.     Plaintiff alleges that Progressive is a foreign insurance company. (Second Am. Pet. ¶ 3.) Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio. Thus, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Progressive is a citizen of Ohio.

20.     Accordingly, there is at least minimal diversity of citizenship under 28 U.S.C. § 1332(d)(2)(A).

### C.     The amount in controversy requirement is satisfied.

21.     The third CAFA requirement is that the amount in controversy must exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). To determine the amount in controversy under CAFA, "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

22.     Pursuant to 28 U.S.C. § 1446, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Progressive, therefore, "does not need to prove to a legal certainty that the amount in controversy has been met." *Id.* at 88–89. A defendant is only required to submit evidence establishing the amount in controversy "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. "When the notice of removal plausibly alleges that the class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983–84 (8th Cir. 2019) (citing *Raskas v. Johnson &*

*Johnson*, 719 F.3d 884, 888 (8th Cir. 2013), quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.*

23. Here, Plaintiff, individually seeks damages in excess of $25,000 and punitive damages for each of the 9 counts against Progressive, which would be aggregated for each purported class member. (Second Am. Pet. ¶ 63, 73, 82, 94, 105, 115, 125, 135, 145.) Additionally, Plaintiff, individually and on behalf of the proposed class, seeks recovery of attorneys' fees from Progressive for Counts VII and XI. (*Id.*)

24. On the face of allegations in the Second Amended Petition, "the class consists of at least thousands of consumers." (Second Am. Pet. ¶ 21.)

25. Moreover, Progressive has processed approximately 24,678 total loss claims in Missouri for vehicles that were less than 7 years old and for which Progressive obtained ownership of the vehicle after the total loss settlement during the 5-year limitations period.

26. Because the Plaintiff alleges "Progressive has obtained clean titles for salvage, dismantled or rebuilt vehicles, and represented that the salvage vehicles it sells have an original or clean titles . . . thousands of times[,]" and that the alleged value of her vehicle alone is $6,500,[2] it is plausible to estimate that the damages claimed by Plaintiff on behalf of the class are well in excess of $5,000,000.00, without even factoring in Plaintiff's claims for injunctive relief, attorneys' fees, and/or punitive damages.

27. Accordingly, the amount in controversy requirement is met by an estimate of alleged damages Plaintiff seeks in her Second Amended Petition.

---

[2] The purchase price alone for the car Plaintiff purchased is $6,500. (*Id.* at ¶ 7.)

5

### III.  PROGRESSIVE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

28. Progressive received a copy of Plaintiff's Second Amended Petition and Summons on March 4, 2022. This was the first petition Progressive received service of in the State Court Action and the first pleading that contained class action allegations.[3] Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

29. The Circuit Court of St. Louis County is located within the Eastern District of Missouri, Eastern Division. *See* E.D. Mo. L.R. 2.07. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

30. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a true and correct copy of all process, pleadings, orders, and other documents on file in the State Court Action, including a copy of the State Court Action's docket sheet, is attached as Exhibit A.

31. Pursuant to Local Rules 2.02 and 2.03, Progressive is contemporaneously filing a completed Civil Cover Sheet, Original Filing Form, and a Disclosure of Organizational Interests Certificate.

32. Immediately following the filing of this Notice of Removal, written notice of this Notice of Removal will be delivered to counsel for Plaintiff as required by 28 U.S.C. § 1446(d) and Local Rule 2.03.

---

[3] As mentioned above, Plaintiff's First Amended Petition was never served on Progressive. Even if it had, however, this Notice of Removal is still timely because the Second Amended Petition is the first pleading from which it became ascertainable that the State Court Action was removable under 28 U.S.C. §§ 1446(b)(3) and 1453.

33. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, Progressive will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, Missouri.

34. Pursuant to Local Rule 2.03, Progressive will file proof with this Court of the filing of the Notice of Removal with the Clerk of the Circuit Court and proof of service on counsel for Plaintiff.

WHEREFORE, Progressive hereby gives notice that the above-captioned action is removed to this Court from the Circuit Court of St. Louis County, Missouri, and prays this action proceed as a case properly removed with no further proceedings in the State Court Action.

Dated: April 1, 2022

Respectfully submitted,

TUCKER ELLIS LLP

By: */s/ Sandra J. Wunderlich*
Sandra J. Wunderlich, #39019MO
100 South 4th Street, Suite 600
St. Louis, MO  63102
Telephone: (314) 256-2500
Facsimile: (314) 256-2549
sandra.wunderlich@tuckerellis.com

***Attorneys for Defendant Progressive Casualty Insurance Company***

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 1st day of April, 2022 the foregoing instrument was electronically filed with the Clerk of Court via the Court's CM/ECF system. The undersigned further certifies that a true and correct copy of same was served via e-mail and via First Class U.S. Mail, postage prepaid, to the following:

| | |
|---|---|
| John G. Simon | Kevin D. Wayman |
| Kevin M. Carnie, Jr. | LAW OFFICES OF KEVIN D. WAYMAN |
| Patrick R. McPhail | 2333 S. Hanley Road, Suite 101 |
| THE SIMON LAW FIRM, P.C. | St. Louis, MO  63144 |
| 800 Market Street, Suite 1700 | kevinwayman@msn.com |
| St. Louis, MO  63101 | *Attorney for Defendant K&B Auto Sales LLC* |
| jsimon@simonlawpc.com | |
| kcarnie@simonlawpc.com | |
| pmcphail@simonlawpc.com | |

and

Patrick J. Boyle
GUNN AND GUNN, A Professional Corporation
11901 Olive Boulevard, Suite 312
P.O. Box 419002
St. Louis, MO  63141
pjbatty@aol.com

*Attorneys for Plaintiffs*

               */s/ Sandra J. Wunderlich*
               Attorney for Defendant Progressive Casualty Insurance Company