# EXHIBIT A




Judicial Links | eFiling | Help | Contact Us | Print      GrantedPublicAccess   Logoff SJWUND1966

## 21SL-AC01922 - LILLIAN L VOGT V K&B AUTO SALES LLC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

FV

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending    ○ Ascending     Display Options:   [All Entries ▾]

---

**03/23/2022** ☐ **Affidavit Filed**
FROM THE DEPARTMENT OF INSURANCE

---

**03/09/2022** ☐ **Corporation Served**
Document ID - 22-AASM-1547; Served To - PROGRESSIVE CASUALTY INSURANCE COMPANY; Server - ; Served Date - 04-MAR-22; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - DEBRA LEE - DEPT OF INS

☐ **Notice of Service**
Memorandum Filing Return of Service; Exhibit A; Electronic Filing Certificate of Service.
     **Filed By:** PATRICK RYAN MCPHAIL
     **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

---

**03/08/2022** ☐ **Motion to Dismiss**
Motion to Dismiss Plaintiffs Second Amended Petition; Electronic Filing Certificate of Service.
     **Filed By:** KEVIN DEAN WAYMAN
     **On Behalf Of:** K&B AUTO SALES LLC

---

**03/02/2022** ☐ **Alias Summons Issued**
Document ID: 22-AASM-1547, for PROGRESSIVE CASUALTY INSURANCE COMPANY.

☐ **Hearing Scheduled**
     Scheduled For: 04/20/2022; 9:00 AM ; JEFFREY PAUL MEDLER; St Louis County

---

**02/09/2022** ☐ **Motion Special Process Server**
Request for Appointment of Process Server; Electronic Filing Certificate of Service.
     **Filed By:** PATRICK RYAN MCPHAIL
     **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Alias Summons Issued**
Request for Issuance of Summons; Electronic Filing Certificate of Service.
     **Filed By:** PATRICK RYAN MCPHAIL

☐ **Amended Motion/Petition Filed**
Second Amended Petition; Electronic Filing Certificate of Service.
     **Filed By:** KEVIN M CARNIE JR
     **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Order**
THE COURT HEREBY GRANTS CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION SO ORDERED: JUDGE JEFFREY P MEDLER

☐ **Hearing Continued/Rescheduled**

---

**Hearing Continued From:** 02/22/2022; 9:00 AM Hearing

| | | |
|---|---|---|

**02/03/2022** ☐ **Entry of Appearance Filed**
Entry of Appearance - Patrick R. McPhail; Electronic Filing Certificate of Service.
**Filed By:** PATRICK RYAN MCPHAIL
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Motion for Leave**
Plaintiffs Consent Motion for Leave to File Second Amended Petition; Exhibit 1 - Second Amended Petition; Exhibit 2 - Proposed Order; Electronic Filing Certificate of Service.
**Filed By:** KEVIN M CARNIE JR
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Entry of Appearance Filed**
Entry of Appearance - Kevin M. Carnie, Jr.; Electronic Filing Certificate of Service.
**Filed By:** KEVIN M CARNIE JR

**01/25/2022** ☐ **Hearing Scheduled**
**Associated Entries: 02/09/2022 - Hearing Continued/Rescheduled**
**Scheduled For:** 02/22/2022; 9:00 AM; JEFFREY PAUL MEDLER; St Louis County

☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 01/25/2022; 9:00 AM Hearing

☐ **Motion for Continuance**
Memorandum; Electronic Filing Certificate of Service.
**Filed By:** PATRICK J. BOYLE
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

**11/09/2021** ☐ **Hearing Scheduled**
**Associated Entries: 01/25/2022 - Hearing Continued/Rescheduled**
**Scheduled For:** 01/25/2022; 9:00 AM; JEFFREY PAUL MEDLER; St Louis County

☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 11/09/2021; 9:00 AM Hearing

☐ **Motion for Continuance**
Motion for Continuance; Electronic Filing Certificate of Service.
**Filed By:** PATRICK J. BOYLE
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

**10/14/2021** ☐ **Alias Summons Issued**
Document ID: 21-AASM-11628, for PROGRESSIVE CASUALTY INSURANCE COMPANY. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Hearing Scheduled**
THIS HEARING WILL BE CONDUCTED BY INTERACTIVE VIDEO OR TELEPHONE: APPLICATION: WEBEX MEETING ID: 146-513-4852 CALL IN NUMBER: 1-408-418-9388
**Associated Entries: 11/09/2021 - Hearing Continued/Rescheduled**
**Scheduled For:** 11/09/2021; 9:00 AM; JEFFREY PAUL MEDLER; St Louis County

**09/13/2021** ☐ **Answer Filed**
Answer to First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** KEVIN DEAN WAYMAN
**On Behalf Of:** K&B AUTO SALES LLC

**09/07/2021** ☐ **Hearing Scheduled**

THIS HEARING WILL BE CONDUCTED BY INTERACTIVE VIDEO OR TELEPHONE: APPLICATION: WEBEX MEETING ID: 146-513-4852 CALL IN NUMBER: 1-408-418-9388

**Associated Entries:** 08/17/2021 - Hearing Continued/Rescheduled
**Scheduled For:** 11/09/2021; 9:00 AM ; JEFFREY PAUL MEDLER; St Louis County

☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 09/07/2021; 9:00 AM Hearing

☐ **Motion for Continuance**
Court Memo re continuance; Electronic Filing Certificate of Service.
**Filed By:** PATRICK R. GUNN
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

08/17/2021 ☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 11/09/2021; 9:00 AM Hearing

☐ **Amended Motion/Petition Filed**
First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** PATRICK J. BOYLE
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Summ Req-Assc Pers Serv**
Memorandum; Electronic Filing Certificate of Service.
**Filed By:** PATRICK J. BOYLE

07/22/2021 ☐ **Hearing Scheduled**
DIV 37 - THIS HEARING WILL BE CONDUCTED BY INTERACTIVE VIDEO OR TELEPHONE: APPLICATION: WEBEX MEETING ID: 146-513-4852 CALL IN NUMBER: 1-408-418-9388
**Associated Entries:** 09/07/2021 - Hearing Continued/Rescheduled
**Scheduled For:** 09/07/2021; 9:00 AM ; JEFFREY PAUL MEDLER; St Louis County

07/16/2021 ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** KEVIN DEAN WAYMAN
**On Behalf Of:** K&B AUTO SALES LLC

07/13/2021 ☐ **Motion for Continuance**
Motion for Continuance.
**Filed By:** PATRICK J. BOYLE
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 07/13/2021; 9:00 AM Hearing

06/15/2021 ☐ **Hearing Scheduled**
**Associated Entries:** 07/13/2021 - Hearing Continued/Rescheduled
**Scheduled For:** 07/13/2021; 9:00 AM ; JEFFREY PAUL MEDLER; St Louis County

☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 06/15/2021; 9:00 AM Hearing

☐ **Motion for Continuance**
Motion for Continuance.
**Filed By:** PATRICK J. BOYLE
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Judge Assigned**

| | | |
|---|---|---|
| 05/25/2021 | ☐ | **Hearing Scheduled** |
| | | **Associated Entries:** 06/15/2021 - Hearing Continued/Rescheduled |
| | | **Scheduled For:** 06/15/2021;  9:00 AM ;  JULIA PUSATERI LASATER;  St Louis County |
| | ☐ | **Hearing Continued/Rescheduled** |
| | | **Hearing Continued From:** 05/25/2021;  9:00 AM Hearing |
| | ☐ | **Motion for Continuance** |
| | | Motion for Continuance. |
| | | **Filed By:** PATRICK J. BOYLE |
| | | **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT |
| 05/20/2021 | ☐ | **Answer Filed** |
| | | Answer to Petition; Electronic Filing Certificate of Service. |
| | | **Filed By:** KEVIN DEAN WAYMAN |
| | | **On Behalf Of:** K&B AUTO SALES LLC |
| 04/16/2021 | ☐ | **Memorandum Filed** |
| | | Memorandum. |
| | | **Filed By:** PATRICK J. BOYLE |
| | | **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT |
| | ☐ | **Memorandum Filed** |
| | | Memorandum; Return of Service. |
| | | **Filed By:** PATRICK J. BOYLE |
| | | **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT |
| 04/12/2021 | ☐ | **Summons Issued-Associate** |
| | | Document ID: 21-ADSM-7887, for K&B AUTO SALES LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| | ☐ | **Hearing Scheduled** |
| | | **Associated Entries:** 05/25/2021 - Hearing Continued/Rescheduled |
| | | **Scheduled For:** 05/25/2021;  9:00 AM ;  JULIA PUSATERI LASATER;  St Louis County |
| 01/27/2021 | ☐ | **Note to Clerk eFiling** |
| | | **Filed By:** PATRICK J. BOYLE |
| | ☐ | **Motion Special Process Server** |
| | | Amended Request for Appointment. |
| | | **Filed By:** PATRICK J. BOYLE |
| | | **On Behalf Of:** LILLIAN LOUISE MORGAN VOGT |
| | ☐ | **Judge/Clerk - Note** |
| | | NO SUMMONS ISSUED TO THE DFT JOHN DOE MISSING ON THE PETITION, BUT INCLUDED ON THE SPECIAL PROCESS SERVER FORM. IF JOHN DOE IS A PARTY ON THE CASE, E-FILE AN AMENDED PETITION INCLUDING DFT JOHN DOE. IF JOHN DOE IS NOT A PARTY ON THE CASE, E-FILE A CORRECTED SPS FORM WITH K&B AUTO SALES LLC AS THE ONLY DFT SO THE SUMMONS CAN BE ISSUED. |
| 01/26/2021 | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** PATRICK J. BOYLE |
| | ☐ | **Note to Clerk eFiling** |
| | | **Filed By:** PATRICK J. BOYLE |
| | ☐ | **Motion Special Process Server** |

Request for Appointment of Special Process Server.
**Filed By:** PATRICK J. BOYLE
**On Behalf Of:** LILLIAN LOUISE MORGAN VOGT

☐ **Pet Filed in Associate Ct**

Petition.
**Filed By:** PATRICK J. BOYLE

☐ **Judge Assigned**

State of Missouri

# Department of Commerce and Insurance



**TO:**   Corporate Secretary (or United States Manager or Last Appointed General Agent) of

PROGRESSIVE CASUALTY INSURANCE COMPANY
6300 WILSON MILLS RD.

MAYFIELD HEIGHTS, OH 44143



**FILED**

**MAR 23 2022**

JOAN M. GILMER
CIRCUIT CLERK ST. LO.

**RE:**   Court: St. Louis Co. Circuit Court, Case Number: 21SL-AC01922

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Friday, March 4, 2022.

*Chlora Lindley Myers*

Director of Commerce and Insurance

AFFIDAVIT

State of Missouri,

ss.

County of Cole,

The undersigned Director of the Department of Commerce and Insurance or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on *March 4, 2022*
by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Commerce and Insurance

By: _____

Subscribed and sworn to before me this ___4th___ day of ___March___, 2022

_____
Notary Public

My commission expires: _____

KATHRIN LATIMER
My Commission Expires
March 4, 2024
Cole County
Commission #12418395

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 65102-0690
Telephone 573-526-0000 / TDD 1-573-526-4536 (Hearing Impaired)
http://www.dci.mo.gov

Electronically Filed - St Louis County - March 09, 2022 - 10:26 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUISE MORGAN VOGT,**

       **Plaintiff,**

**v.**

**K & B AUTO SALES LLC, et al.,**

       **Defendants.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

**MEMORANDUM FILING RETURN OF SERVICE**

    COMES NOW Plaintiff, by and through her undersigned counsel, and hereby files a Return of Service for:

    1)    Progressive Casualty Insurance Company, attached hereto as **Exhibit A**.

Dated:  March 9, 2022

    Respectfully Submitted,

    **THE SIMON LAW FIRM, P.C.**

    By:   */s/ Patrick R. McPhail*
            John G. Simon, #35231
            Kevin M. Carnie Jr., #60979
            Patrick R. McPhail, #70242
            800 Market Street, Ste. 1700
            St. Louis, MO 63101
            jsimon@simonlawpc.com
            kcarnie@simonlawpc.com
            pmcphail@simonlawpc.com
            Phone:  314-241-2929
            Fax:  314-241-2029

            and

Electronically Filed - St Louis County - March 09, 2022 - 10:26 AM

**GUNN AND GUNN**
**A Professional Corporation**

PATRICK J. BOYLE - 36943
Attorney for Plaintiff
11901 Olive Boulevard, Suite 312
P.O. Box 419002
St. Louis, MO 63141
314-432-4550 – 314-432-4489 fax
pjbatty@aol.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 9, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

*/s/ Patrick R. McPhail*
Patrick R. McPhail

Electronically Filed - St Louis County - March 09, 2022 - 10:26 AM

# IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JEFFREY PAUL MEDLER | Case Number:<br>21SL-AC01922 |
|---|---|
| Plaintiff/Petitioner:<br>LILLIAN LOUISE MORGAN VOGT | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK J. BOYLE<br>11901 OLIVE BOULEVARD<br>SUITE 312<br>P.O. BOX 419002<br>SAINT LOUIS, MO 63141<br>(314) 432-4550 |
| vs. | |
| Defendant/Respondent:<br>K&B AUTO SALES LLC | Date, Time and Location of Court Appearance:<br>20-APR-2022, 09:00 AM<br>RM. 284 NORTH, DIV 37T<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>AC Contract/Account (Bulk) | |
| | (Date File Stamp) |

## Associate Division Alias Summons

**The State of Missouri to: PROGRESSIVE CASUALTY INSURANCE COMPANY**
**Alias:**

C/O MISSOURI DIR OF INSURANCE
301 WEST HIGH ST, RM. 530
JEFFERSON CITY, MO 65102



**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act,** please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least two business days in advance of the court proceeding.

March 2, 2022
_____
Date

_____
Clerk

Further Information:
SDA

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to: Debra Lee - Dept. of Ins. (name) Adm. Asst. (title).

☐ other: _____
Served at 301 W. High St. Rm 530, Jefferson City (address) in
Cole (County/City of St. Louis), MO on March 4 2022 (date) at 8:35 am (time).

Stephen R. Waters
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on 03-4-2022 (date)

SARAH PITMAN
Notary Public, Notary Seal
State of Missouri
Miller County
Commission # 21692608
My Commission Expires 03-17-2025

My commission expires: 03-17-2025
_____
Date

_____
Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all

**PLAINTIFF'S EXHIBIT A**

Electronically Filed - St Louis County - March 08, 2022 - 04:02 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | |
|---|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) | |
| Individually and as the Representative of a | ) | |
| Class of similarly situated persons, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No.:  21SL-AC01922 |
| | ) | |
| K & B AUTO SALES LLC, | ) | Division:  37T |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT K&B AUTO SALES  LLC MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED PETITION FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AND ALTERNATIVE
MOTION FOR MORE DEFINITIVE STATEMENT**

**COMES NOW**, Defendant, K & B Auto Sales, LLC.,(hereinafter referred to as K&B),

and for its Motion to Dismiss Plaintiff's Second Amended Petition for Failure to State a Claim

Upon Which Relief Can Be Granted, and states as follows:

1. Plaintiff's Second Amended Complaint has allegations common to all Counts that are

   numbered 1-19 and Counts I and II are the only counts that are specifically directed to

   this Defendant, K&B.

2. Plaintiff's Count I is entitled RECISSION- PLAINTIFF VOGT AGAINST K&B.

3. Plaintiff's Count II is entitled MMPA- PLAINTIFF VOGT AGAINST K&B.

4. Plaintiff's Petition, Counts III-IX, are not directed against Defendant K&B.

Electronically Filed - St Louis County - March 08, 2022 - 04:02 PM

5. Plaintiff's Count I demands recission and is based upon fraud, however, Plaintiff fails to properly allege all essential elements of fraud, fraudulent representation, fraudulent misrepresentation and/or fraudulent concealment.

6. Plaintiff in Count I fails to: (1) identify the source of Defendant K&B's duty regarding disclosure of the subject vehicle history; (2) failed to identify how Defendant K&B concealed the subject vehicle history known to K&B; (iii) failed to identify how Defendant's K&B's duty arose regarding the subject vehicle's history beyond acquiring and conveying a clean Missouri Certificate of Title for the subject vehicle to Plaintiff; (iv) failed to allege what specific representations were made by Defendant K&B to Plaintiff regarding the vehicle history.

7. Plaintiff's Count II fails to detail or adequately specific all elements of fraud and the particular damages Plaintiff is claiming were caused to Plaintiff by the alleged action and/or inaction of Defendant K&B.

8. Pursuant to §407.025(2)(c )R.S.Mo., "A person seeking to recover damages shall establish... individual damages with sufficient definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty."  Plaintiff has failed to plead such specific damages. Defendant K&B is entitled to know, and Plaintiff must sufficiently plead those damages in her Second Amended Petition. Count II, paragraph 56 fails to by simply stating that the prayer exceeds Twenty-Five Thousand Dollars ($25,000.00).

9. Plaintiff's prayer for damages in her Count II Wherefore paragraph prays for damages in excess of Twenty-Five Thousand Dollars ($25,000.00) in violation of this Courts

Electronically Filed - St Louis County - March 08, 2022 - 04:02 PM

jurisdictional limits pursuant to §517.041 R.S.Mo. and prays for prejudgment interest which she is not entitle to under the MMPA statute.

10. Defendant K&B is requesting the Court to dismiss Counts I & II of Plaintiff's Second Amended Petition for failure to state a claim upon which relief can be granted as well as for other reasons aforestated herein.

11. In the alternative, Defendant K&B prays the Court to order Plaintiff to amend her Second Amended Petition to more particularly specify the fraud elements, the source of Defendant K&B's duty arises regarding disclosure of the subject vehicle's history, identify how Defendant K&B concealed the subject vehicle history known to Defendant K&B; identify how Defendant K&B's duty arose regarding the subject vehicle's history beyond acquiring and conveying a clean Missouri Certificate of Title to Plaintiff, and, to allege what specific representations were made by Defendant K&B to Plaintiff regarding the subject vehicle's history in order to Defendant K&B properly defend said allegations. WHEREFORE, Defendant K&B moves the Court to grant its Motion to Dismiss and for further relief as the Court deems just and proper in the premises.

LAW OFFICES OF KEVIN D. WAYMAN

/s/ Kevin D. Wayman

_____

**KEVIN D. WAYMAN, # 38184**
Attorney at Law, LLC
2333 S. Hanley Road, Suite 101
St. Louis, Mo  63144
(314) 525-7177
(314) 525-7178 Facsimile
*Attorney for Defendant*
kevinwayman@msn.com

Electronically Filed - St Louis County - March 08, 2022 - 04:02 PM

<u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing document was efiled this 8th day of March, 2022 and mailed/emailed to the following attorneys of record:/psd

**Mr. Kevin M. Carnie, Jr.**
**Mr. John G. Simon**
**Mr. Patrick R. McPhail**
800 Market Street, Ste. 1700
St. Louis, MO  63101
314-241-2929; F:  314-241-2029
*Attorneys for Plaintiff*
kcarnie@simonlawpc.com
jsimon@simonlawpc.com
pmcphail@simonlawpc.com

4

# IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JEFFREY PAUL MEDLER | Case Number:<br>21SL-AC01922 |
|---|---|
| Plaintiff/Petitioner:<br>LILLIAN LOUISE MORGAN VOGT<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK J. BOYLE<br>11901 OLIVE BOULEVARD<br>SUITE 312<br>P.O. BOX 419002<br>SAINT LOUIS, MO  63141<br>(314) 432-4550 |
| Defendant/Respondent:<br> K&B AUTO SALES LLC | Date, Time and Location of Court Appearance:<br>20-APR-2022, 09:00 AM<br>RM. 284 NORTH, DIV 37T<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>AC Contract/Account (Bulk) | |

(Date File Stamp)

## Associate Division Alias Summons

**The State of Missouri to:  PROGRESSIVE CASUALTY INSURANCE COMPANY**
**Alias:**

**C/O MISSOURI DIR OF INSURANCE**
**301 WEST HIGH ST, RM. 530**
**JEFFERSON CITY, MO  65102**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least two business days in advance of the court proceeding.**

| March 2, 2022 | |
|---|---|
| Date | Clerk |

Further Information:
SDA

### Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____ , a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in

_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____

| Date | Notary Public |
|---|---|

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $     10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all

# ST. LOUIS COUNTY CIRCUIT COURT

**Instructions for all**
**ASSOCIATE CIVIL AND LANDLORD TENANT CASES**

**Unless otherwise ordered by the Court:**

- **All call dockets will be conducted IN PERSON and by WEBEX.**
- **All trials/hearings in which evidence will be submitted shall be IN PERSON ONLY.**

1. Please pay careful attention to all notices to determine if attendance by WebEx is available or if you are required to appear in person.

1. **If you fail to timely appear at your scheduled Court hearing as ordered (in person and/or WebEx or by phone), a default judgment may be entered against you.**

2. If you have any questions, including whether the Court will hear a specific matter in person or by WebEx, please consult the division webpage on the Court's website or call the division number listed in the table below for the judge and division identified on the Summons or notice from the court.

3. Pursuant to St. Louis County Local Court Rule the VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.

4. You may contact the opposing party before the scheduled court date to discuss the case and engage in negotiations. If a party is represented by an attorney, you must contact the attorney directly. You may hire an attorney to represent you.

5. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgment must be signed by all the parties and dated. A Consent Judgment form can be found at **http://wp.stlcountycourts.com/wp-content/uploads/PDF/AC/ConsentJudgment.pdf**. If you are attending by WebEx, you may also complete your consent judgment on the record during the docket.

6. You can monitor the status of your case online on Case.Net at www.courts.mo.gov. Use the "Track this Case" feature to receive automatic emails or text messages about your case.

**WebEx Appearance Instructions:**

1. In order to appear for your court hearing through WebEx, **you must have a valid email address or access to a phone.** If you choose to download the WebEx app it is free and is available through all phone app stores.

1. On your scheduled court date and time, enter the **Meeting Room Information** listed in the table below for the judge and division identified on the Summons or notice from the court directly into your browser and follow any noted instructions. You may also use the free app or go to www.webex.com and select Join a Meeting. You will be prompted to enter the **Meeting ID** for the judge and division identified on the Summons or notice from the court which can also be found in the listed table.

2. For call dockets, if you are unable to participate by video, you can call in for your hearing at: **1-408-418-9388** (long distance charges may apply). You will be prompted to enter the Meeting ID or Access Code. See the table to locate the appropriate **Meeting ID** number.

3. During the docket, you may be placed in a virtual waiting room and when your case is called, a judge will admit you into the virtual court room. It may be possible to talk to the opposing party about the case in a virtual conference room called breakout sessions. There may be other cases being heard in the virtual court room at the same time and some waiting may be necessary. The Court thanks you in advance for your patience.

| Div. | Judge | Division Phone # | WebEx Meeting Room Link | Meeting ID |
|------|-------|------------------|-------------------------|------------|
| 33 | | 314-615-1533 | https://mocourts.webex.com/meet/vcdiv33mtg | 146 590 1104 |
| 37 | Medler | 314-615-1537 | https://mocourts.webex.com/meet/vcdiv37mtg | 146 513 4852 |
| 41 | Peyton | 314-615-1541 | https://mocourts.webex.com/meet/vcdiv41mtg | 146 904 4637 |
| 43 | Ghasedi | 314-615-1543 | https://mocourts.webex.com/meet/vcdiv43mtg | 146 984 1525 |
| 44 | Hearne | 314-615-1544 | https://mocourts.webex.com/meet/vcdiv44mtg | 146 647 8876 |

WEBEX call in number if you are unable to participate by video: **1-408-418-9388** (long distance charges may apply)

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.
**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.
**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



Electronically Filed - St Louis County - February 09, 2022 - 02:47 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

For File Stamp Only

Lillian Louise Morgan Vogt
Plaintiff/Petitioner

February 9, 2022
Date

21SL-AC01922
Case Number

vs.

37T
Division

K&B Auto Sales LLC, et al.
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff                                                                                , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Timothy Moore, Pro-Serve, 6614 Clayton Rd., #311, St. Louis, MO 63117    (314) 961-2222

Name of Process Server                                Address                                Telephone

Name of Process Server                                Address or in the Alternative                                Telephone

Name of Process Server                                Address or in the Alternative                                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:

Progressive Casualty Insurance Company, c/o Missouri Director of Insurance
Name

Truman State Office Building, 301 West High St., Room 530
Address

Jefferson City, MO 65102
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

/s/ Patrick R. McPhail
Signature of Attorney/Plaintiff/Petitioner

70242
Bar No.

By _____
     Deputy Clerk

800 Market Street, Suite 1700, St. Louis, MO 63101
Address

(314) 241-2929          (314) 241-2029

_____
Date

Phone No.                                Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 09, 2022 - 02:47 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - February 09, 2022 - 02:47 PM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

Lillian Louise Morgan Vogt
Plaintiff/Petitioner

February 9, 2022
Date

21SL-AC01922
Case Number

vs.

37T
Division

K&B Auto Sales LLC, et al.
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Timothy Moore, Pro-Serve, 6614 Clayton Rd., #311, St. Louis, MO 63117    (314) 961-2222
Name of Process Server                    Address                                        Telephone

Name of Process Server                    Address or in the Alternative                  Telephone

Name of Process Server                    Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:

Progressive Casualty Insurance Company, c/o Missouri Director of Insurance
Name                                            Name

Truman State Office Building, 301 West High St., Room 530
Address                                         Address

Jefferson City, MO 65102
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By  */s/Sandra D. Avant*
Deputy Clerk

**FEBRUARY 9, 2022**

Date

/s/ Patrick R. McPhail
Signature of Attorney/Plaintiff/Petitioner

70242
Bar No.

800 Market Street, Suite 1700, St. Louis, MO 63101
Address

(314) 241-2929          (314) 241-2029
Phone No.                              Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 09, 2022 - 02:47 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - February 09, 2022 - 02:47 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUISE MORGAN VOGT,**

       **Plaintiff,**

**v.**

**K & B AUTO SALES LLC**

**and**

**PROGRESSIVE CASUALTY**
**INSURANCE COMPANY,**

       **Defendants.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

## REQUEST FOR ISSUANCE OF SUMMONS

COMES NOW Plaintiff, by and through her undersigned counsel, and hereby requests the issuance of a Summons to be served upon Defendant Progressive Casualty Insurance Company, c/o the Missouri Director of Insurance, Truman State Office Building, 301 West High Street, Room 530, Jefferson City, Missouri 65102.

Dated:  February 9, 2022

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:   */s/ Patrick R. McPhail*
     John G. Simon, #35231
     Kevin M. Carnie Jr., #60979
     Patrick R. McPhail, #70242
     800 Market Street, Ste. 1700
     St. Louis, MO 63101
     jsimon@simonlawpc.com
     kcarnie@simonlawpc.com
     pmcphail@simonlawpc.com
     Phone:  314-241-2929
     Fax:  314-241-2029

Electronically Filed - St Louis County - February 09, 2022 - 02:47 PM

and

**GUNN AND GUNN**
**A Professional Corporation**

PATRICK J. BOYLE - 36943
Attorney for Plaintiff
11901 Olive Boulevard, Suite 312
P.O. Box 419002
St. Louis, MO 63141
314-432-4550 – 314-432-4489 fax
pjbatty@aol.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 9, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

*/s/ Patrick R. McPhail*
Patrick R. McPhail

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

| | |
|---|---|
| **LILLIAN LOUISE MORGAN VOGT,** **individually and as the Representative of a class of similarly situated persons,** | |
| **Plaintiffs,** | Cause No.: 21SL-AC01922 |
| **v.** | Division: 37T |
| **K & B AUTO SALES LLC** | **JURY TRIAL DEMANDED** **ON ALL COUNTS** |
| **and** | |
| **PROGRESSIVE CASUALTY** **INSURANCE COMPANY,** | |
| **Defendants.** | |

<u>**SECOND AMENDED PETITION**</u>

This is a case involving the sale of thousands of salvage vehicles for which a major insurance company fraudulently obtained clean titles in violation of Missouri law. Plaintiff Lillian Louise Morgan Vogt ("Plaintiff") brings the following class action requesting injunctive relief and damages, to ensure consumers and the public are protected from further fraudulent activity and dangerous vehicles on the roads.

Plaintiff, individually and as the Representative of a class of similarly situated persons, states as follows for her individual claims against Defendant K & B Auto Sales LLC ("K & B") and the claims of the class and herself against Defendant Progressive Casualty Insurance Company ("Progressive"):

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1.    Plaintiff is a citizen and resident of Missouri.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

2.      K & B is a Missouri company with its principal place of business in Missouri.

3.      Progressive is a foreign insurance company.

4.      Defendants conduct substantial and continuous business activity in the State of Missouri and derive substantial and continuous revenue from its business activities in the State of Missouri and are therefore subject to the jurisdiction of this Court.

5.      Venue is proper in the Circuit Court of St. Louis County because Plaintiff Vogt was first injured by Defendants in St. Louis County.

**FACTUAL ALLEGATIONS**

6.      On or about October 27, 2020, in St. Louis County, Missouri, K & B sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

7.      The purchase price paid by Plaintiff to K & B for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

8.      The Automobile was purchased by Plaintiff for personal use.

9.      Shortly after Plaintiff had purchased the Automobile from K & B, Plaintiff noticed that the Automobile was not performing as expected.

10.     Plaintiff took the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

11.     Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by Progressive on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

12.     Progressive had previously purchased the Automobile for salvage, dismantling or rebuilding.

13.     Progressive declared the Automobile salvage.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

14.     Progressive had a duty under Section 301.227.1 of the Revised Statutes of Missouri, to obtain a salvage title because the automobile was sold for salvage, dismantled or rebuilt vehicle.

15.     Progressive, despite its duty under Section 301.227.1 of the Revised Statutes of Missouri, failed to obtain a salvage title or disclose the status of the Automobile as a salvage, dismantled or rebuilt vehicle.

16.     On August 12, 2020, a clean title to the Automobile was issued to Progressive.

17.     Progressive sold the Automobile with a clean title and without disclosing it was a salvage vehicle.

18.     Further, K & B failed to disclose the Automobile was a salvage vehicle to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020.

19.     Upon information and belief, Progressive has obtained clean titles for salvage, dismantled or rebuilt vehicles, and represented that the salvage vehicles it sells have an original or clean title, in this manner thousands of times.

## CLASS ALLEGATIONS

### Class Definitions

20.     Plaintiff Vogt brings this action on her own behalf and, pursuant to Mo. Sup. Ct. R. 52.08, as a class action on behalf of a Missouri class of persons defined as:

**Proposed Class:** All individuals who purchased a vehicle for personal, family or household use which Progressive had previously purchased in Missouri for salvage, dismantling or rebuilding, when the vehicle was less than seven years old, and damaged, but for which Progressive failed to obtain a salvage certificate (the "Class").

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

## RULE 52.08(a)

### Numerosity

21.     The members of the class are so numerous that joinder of all members is impracticable.  On information and belief, the class consists of at least thousands of consumers. The class is, however, ascertainable as the vehicles purchased by class members (the "vehicles") can be identified in business records maintained by Progressive.

### Commonality

22.     The questions of law and fact common to the class include, *inter alia*:

(a)     Whether Progressive failed to disclose the status of vehicles purchased by the class members as salvage, dismantled or rebuilt vehicles;

(b)     Whether Progressive's conduct in failing to disclose the status of the aforesaid vehicles violates Missouri's Uniform Commercial Code; and,

(c)     Whether Progressive's conduct in failing to disclose the status of the aforesaid vehicles is an unlawful act under the Missouri Merchandising Practices Act.

### Typicality

23.     The named Plaintiff and members of the class each have a tangible and legally protectable interest at stake in this action.

24.     The claims of the named class representative and the absent class members have a common origin and share a common basis.  Their claims originate from the same practices by the same defendant.

25.     The proposed class representative states claims for which relief can be granted that are typical of the absent class members.  If brought and prosecuted individually, the claims of each

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

26.     The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interest of absent class members to ensure that the universal claims of the class will be prosecuted with diligence and care by the Plaintiff as representative of the class.

## Adequate Representation

27.     The named Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto.  The Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly or irrevocably conflict with, the interests of other members of the class.  The self-interests of the named class representative are co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to truly protect the interests of the absent class members.

28.     The named Plaintiff has engaged the services of counsel indicated below.  Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representatives and absent class members.

## RULE 52.08(b)(1)

29.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

be the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the plaintiff class.

30.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

**RULE 52.08(b)(2)**

31.     Progressive has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

**RULE 52.08(b)(3)**

32.     The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

(a)     Individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake;

(b)     There has been very little litigation over the controversies herein;

(c)     The proposed class is manageable; and

(d)     A Missouri venue is appropriate to hear claims arising under Missouri law.

**COUNT I**
**RECISSION – PLAINTIFF VOGT AGAINST K & B**

34.     Plaintiff Vogt incorporates the above allegations as though fully set forth herein.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

35.    K & B was aware, or should have been aware, of the damage to the Automobile, and the fact that it had been declared a total loss by Progressive, prior to selling the Automobile to Plaintiff.

36.    K & B had a duty to disclose to Plaintiff the prior damage and history of the Automobile.

37.    K & B was aware, or should have been aware, of the history and prior damage to the Automobile and failed to disclose it to Plaintiff.

38.    K & B concealed the prior history and damage to the Automobile from Plaintiff.

39.    Such concealment by K & B was material.

40.    K & B intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

41.    Plaintiff was ignorant of the history and condition of the Automobile.

42.    Plaintiff had a right to rely upon, and did rely upon, K & B's representations regarding the Automobile, which included K & B's concealment of the history and condition of the Automobile.

43.    K & B also made specific representations to Plaintiff about the quality of the Automobile and its history.

44.    Plaintiff was damaged by her reliance on the statements, representations and concealments of K & B.

45.    Due to the actions of K & B, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE Plaintiff Vogt, individually, prays for judgment against K & B for the rescission of the Contract for the sale of the Automobile and that Plaintiff shall be entitled to a

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

refund in the amount of Six Thousand Five Hundred Dollars ($6,500.00) from K & B Auto Sales LLC, that K & B Auto Sales LLC shall be entitled to possession of the Automobile, and for such other and further relief as this Court deems just and proper.

**COUNT II**
**MMPA – PLAINTIFF VOGT AGAINST K & B**

46.     Plaintiff Vogt incorporates the above allegations as though fully set forth herein.

47.     This action is brought pursuant to Missouri's Merchandising Practices Act set forth in Mo. Rev. Stat. §§ 407.010 to 407.130.

48.     The actions of Defendant K & B set forth above constitute unlawful practices as defined by Mo. Rev. Stat § 407.020 in that they were deceptive and fraudulent, and were intentional concealments, suppressions, and omissions of material facts.

49.     K & B concealed the history and condition of the Automobile from Plaintiff Vogt at the time of its sale on October 27, 2020.

50.     The history and condition of the Automobile were material facts in the sale transaction.

51.     Plaintiff acted as a reasonable consumer in light of all circumstances in relying upon the representations and concealments of K & B regarding the Automobile.

52.     The actions of K & B at the time of the sale would cause a reasonable person to enter into the sale transaction for the Automobile.

53.     As a result of K & B's representations and concealments, Plaintiff Vogt was damaged.

54.     K & B's actions showed complete indifference to or conscious disregard for the safety and rights of others.

55.     K & B's actions showed flagrant disregard for the safety and rights of others.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

56.    K & B's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually, prays for judgment in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses she suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for her costs incurred herein, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, for equitable relief including injunctive relief, for punitive damages and for such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

57.    Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

58.    Progressive owed a duty to Plaintiff Vogt and the Class to act with ordinary care to prevent harm to Plaintiff and the Class.

59.    Progressive failed to exercise such care thereby breaching its duty in one or more of the following ways:

a.  Failing to disclose the history of salvage, dismantled or rebuilt vehicles purchased by the Class members;

b.  Failing to apply for salvage titles for vehicles purchased by the Class members;

c.  Failing to obtain salvage titles for vehicles purchased by the Class members;

d.  Transferring salvage, dismantled or rebuilt vehicles in the stream of commerce with clean titles; and,

e.  Such further negligence as discovery will reveal.

60.    As a direct and proximate result of the aforesaid negligent acts of Progressive, Plaintiff Vogt and the Class suffered damages.

9

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

61.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

62.     Progressive's actions showed flagrant disregard for the safety and rights of others.

63.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages, and for any further relief this Court deems just and proper.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

64.     Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

65.     Progressive had a duty to accurately represent and disclose material information to Plaintiff Vogt and the Class.

66.     Progressive failed to exercise reasonable care in supplying Plaintiff and the Class with material information, and as a result breached its duty and made material misrepresentations to Plaintiff and the Class in the regular course of business regarding the automobiles Plaintiff and the Class purchased.

67.     In particular, Progressive failed to exercise reasonable care and, as a result, represented that the vehicles purchased by Plaintiff Vogt and the Class were not salvage vehicles.

68.     The information supplied by Progressive regarding these matters was false.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

69.     These representations were material to Plaintiff Vogt and the Class members' decisions to purchase the vehicles.

70.     As a direct and proximate result of their reliance on Progressive's negligent misrepresentations, Plaintiff Vogt and the Class members have suffered damages.

71.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

72.     Progressive's actions showed flagrant disregard for the safety and rights of others.

73.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

### COUNT V
### NEGLIGENCE PER SE -
### PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

74.     Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

75.     At the time Progressive titled and sold the vehicles there existed, and continues to exist today, a statute (MO. REV. STAT. § 301.227.1) requiring Progressive to obtain a salvage certificate of title for salvage, dismantled or rebuilt vehicles.

76.      Progressive violated the statute by failing to obtain salvage titles.

77.     As downstream purchasers of the vehicles, Plaintiff Vogt and the Class members

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

are within the class of persons intended to be protected by the statute.

78. As a direct and proximate result of the violation of said statute, Plaintiff Vogt and the Class members suffered damages.

79. The losses and injuries to Plaintiff Vogt and the Class members are of a kind the statute were designed to prevent.

80. Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

81. Progressive's actions showed flagrant disregard for the safety and rights of others.

82. Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the Class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT VI**
**FRAUDULENT MISREPRESENTATION –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

83. Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

84. Progressive knowingly made false representations about the vehicles, including that the vehicles were not salvage, dismantled or rebuilt vehicles.

85. Progressive knew that these representations were false at the time they were made.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

86.     Progressive intended that Plaintiff Vogt and the Class rely upon and believe these representations.

87.     Plaintiff Vogt and the Class did not know that these representations were false.

88.     Plaintiff Vogt and the Class had a right to rely upon these representations.

89.     Plaintiff Vogt and the Class reasonably and justifiably relied upon these representations.

90.     These representations were material to Plaintiff Vogt and the Class's decision to purchase the vehicles.

91.     As a direct result of their reliance upon these representations, Plaintiff Vogt and the Class were caused to suffer damages.

92.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

93.     Progressive's actions showed flagrant disregard for the safety and rights of others.

94.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT VII**
**MMPA – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

95.     Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

96.     This action is brought pursuant to Missouri's Merchandising Practices Act set forth in MO. REV. STAT. §§ 407.010 to 407.130.

97.     The actions of Progressive set forth above constitute unlawful practices as defined by MO. REV. STAT § 407.020 in that they were deceptive and fraudulent, and were intentional concealments, suppressions, and omissions of material facts.

98.     Progressive concealed the history and condition of the vehicles from Plaintiff Vogt and the Class.

99.     The history and condition of the vehicles were material facts in the sale transactions.

100.    Plaintiff Vogt and the Class acted as reasonable consumers in light of all circumstances in relying upon the representations and concealments of Progressive regarding the vehicles.

101.    The actions of Progressive at the time of the sale would cause a reasonable person to enter into the sale transaction for the vehicles.

102.    As a result of Progressive's representations and concealments, Plaintiff Vogt and the Class were damaged.

103.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

104.    Progressive's actions showed flagrant disregard for the safety and rights of others.

105.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the Class, prays for judgment in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they suffered, for

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for an award of their attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, for equitable relief including injunctive relief, for punitive damages and for such other and further relief as this Court deems just and proper.

**COUNT VIII**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DESCRIPTION –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

106.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

107.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-314.

108.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

109.    Progressive violated Missouri's Uniform Commercial Code because the vehicles were not such as would pass without objection in the trade under the contract description and based on course of dealing or usage of trade.

110.    Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

111.    The vehicles were therefore defective and unmerchantable at the time of sale.

112.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

113.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

114.    Progressive's actions showed flagrant disregard for the safety and rights of others.

115.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

### COUNT IX
### BREACH OF WARRANTY OF TITLE -
### PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

116.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

117.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-312.

118.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

119.    Progressive violated Missouri's Uniform Commercial Code because the vehicles did not have good title as a result of Progressive's misrepresentations and fraudulent actions.

120.    Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

121.    The vehicles were therefore defective and unmerchantable at the time of sale.

122.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

123.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

124.    Progressive's actions showed flagrant disregard for the safety and rights of others.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

125.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT X**
**BREACH OF EXPRESS WARRANTY –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

126.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

127.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-313.

128.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

129.    Progressive violated Missouri's Uniform Commercial Code because it expressly warranted that the vehicles were not salvage, dismantled or rebuilt vehicles.

130.    Plaintiff Vogt and the Class relied on the express warranty of Progressive in purchasing and using the vehicles.

131.    The vehicles were therefore defective and unmerchantable at the time of sale.

132.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

133.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

134.    Progressive's actions showed flagrant disregard for the safety and rights of others.

17

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

135.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

### COUNT XI
### BREACH OF MAGNUSON MOSS WARRANTY ACT–
### PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

136.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

137.    This action is brought pursuant to the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301-2312 as a result of Progressive's aforesaid actions in violating Missouri law, including Missouri's Uniform Commercial Code, MO. REV. STAT. §§ 400.2-314(3).

138.    Progressive's actions are a violation of the Magnuson Moss Warranty Act because the vehicles were not such as would pass without objection in the trade under the contract description and based on course of dealing or usage of trade.

139.    Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

140.    The vehicles were therefore defective and unmerchantable at the time of sale.

141.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

142.    No opportunity to cure under 15 USC 2310(e) is required in this case because Progressive misrepresented the status of the vehicle as having a clean title. A Defendant cannot

18

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

cure the sale of a vehicle with an improper, voidable or void title.

143.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

144.    Progressive's actions showed flagrant disregard for the safety and rights of others.

145.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for attorneys' fees, for their costs incurred herein, for equitable relief including injunctive relief, for punitive damages and for any further relief this Court deems just and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:    */s/ Kevin M. Carnie Jr.*
         John G. Simon, #35231
         Kevin M. Carnie Jr., #60979
         Patrick R. McPhail, #70242
         800 Market Street, Ste. 1700
         St. Louis, MO 63101
         jsimon@simonlawpc.com
         kcarnie@simonlawpc.com
         pmcphail@simonlawpc.com
         Phone:  314-241-2929
         Fax:  314-241-2029
         ***Attorneys for Plaintiff***

**GUNN AND GUNN**
**A Professional Corporation**

By:   */s/ Patrick Boyle*
      PATRICK J. BOYLE - 36943
      Attorney for Plaintiff
      11901 Olive Boulevard, Suite 312
      P.O. Box 419002
      St. Louis, MO 63141
      314-432-4550 – 314-432-4489 fax
      pjbatty@aol.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on February 9, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

*/s/ Kevin M. Carnie, Jr.*

20

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUIS MORGAN VOGT,**

   **Plaintiff,**

**v.**

**K & B AUTO SALES LLC,**

   **Defendant.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

> **FILED**
> **2/9/2022**
> **JOAN M. GILMER**
> **CIRCUIT CLERK**
> **ST. LOUIS COUNTY**

**ORDER**

This Court having been presented with Plaintiff's Consent Motion for Leave to File Second Amended Petition and the Court being fully advised in its premises, hereby GRANTS said Motion and ORDERS that Plaintiff's Second Amended Petition be deemed filed on this date.

**SO ORDERED:**

_____
Date

Judge    Div. 37

February 09, 2022

> **PLAINTIFF'S**
> **EXHIBIT**
> **2**

Electronically Filed - St Louis County - February 03, 2022 - 03:55 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUIS MORGAN VOGT,**

      **Plaintiff,**

**v.**

**K & B AUTO SALES LLC**

**and**

**PROGRESSIVE CASUALTY**
**INSURANCE COMPANY,**

      **Defendants.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

## ENTRY OF APPEARANCE

Patrick R. McPhail of The Simon Law Firm, P.C., 800 Market Street, Suite 1700, St. Louis, Missouri, 63101, hereby enters his appearance on behalf of Plaintiff in the above-referenced matter.

        Respectfully Submitted,

        **THE SIMON LAW FIRM, P.C.**

By:   */s/ Patrick R. McPhail*
      John G. Simon, #35231
      Kevin M. Carnie Jr., #60979
      Patrick R. McPhail, #70242
      800 Market Street, Ste. 1700
      St. Louis, MO 63101
      jsimon@simonlawpc.com
      kcarnie@simonlawpc.com
      pmcphail@simonlawpc.com
      Phone:  314-241-2929
      Fax:  314-241-2029
      ***Attorneys for Plaintiff***

Electronically Filed - St Louis County - February 03, 2022 - 03:55 PM

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on February 3, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

*/s/ Patrick R. McPhail*
Patrick R. McPhail

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUIS MORGAN VOGT,**

      **Plaintiff,**

**v.**

**K & B AUTO SALES LLC,**

      **Defendant.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

**PLAINTIFF'S CONSENT MOTION**
**FOR LEAVE TO FILE SECOND AMENDED PETITION**

Plaintiff, pursuant to Rule 55.33(a) of the Missouri Rules of Civil Procedure, moves the Court to enter its order granting her leave to file her Second Amended Petition (attached as **Exhibit 1**). In support of her Motion, Plaintiff states:

1.    This case arises out of the sale of an automobile by Defendant K & B Auto Sales LLC to Plaintiff on October 27, 2020.

2.    Through investigation, Plaintiff learned that Progressive Casualty Insurance Company originally applied for and obtained a clean title for the automobile in question, despite purchasing the automobile for salvage, dismantling or rebuilding.

3.    Upon information and belief, Progressive has obtained clean titles for thousands of salvage vehicles in this manner, despite a statutory duty under Mo. Rev. Stat. § 301.227.1 to obtain salvage titles.

4.    Plaintiff's Second Amended Petition adds claims against Progressive for its behavior.

1

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

5.      Defendant K & B has been consulted by Plaintiff and consents to this Motion to File Second Amended Petition.

6.      Rule 55.33(a) states that "leave shall be freely given when justice so requires." Mo. Sup. Ct. R. 55.33(a).

7.      No party will suffer any material prejudice from this amendment, and leave should therefore be freely granted.

8.       A proposed order is attached to this Motion as **Exhibit 2**.

WHEREFORE Plaintiff respectfully requests this Court grant her Motion for Leave to File Second Amended Petition and for such further relief this Court deems necessary and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:     _/s/ Kevin M. Carnie Jr._
          John G. Simon, #35231
          Kevin M. Carnie Jr., #60979
          Patrick R. McPhail, #70242
          800 Market Street, Ste. 1700
          St. Louis, MO 63101
          jsimon@simonlawpc.com
          kcarnie@simonlawpc.com
          pmcphail@simonlawpc.com
          Phone:  314-241-2929
          Fax:  314-241-2029
          *Attorneys for Plaintiff*

**GUNN AND GUNN**
**A Professional Corporation**

By:     _/s/ Patrick Boyle_
          PATRICK J. BOYLE - 36943
          Attorney for Plaintiff
          11901 Olive Boulevard, Suite 312
          P.O. Box 419002
          St. Louis, MO 63141
          314-432-4550 – 314-432-4489 fax
          pjbatty@aol.com

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 3, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

_/s/ Kevin M. Carnie, Jr._
Kevin M. Carnie, Jr.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUIS MORGAN VOGT,**
**individually and as the Representative of a**
**class of similarly situated persons,**

        **Plaintiffs,**

**v.**

**K & B AUTO SALES LLC**

**and**

**PROGRESSIVE CASUALTY**
**INSURANCE COMPANY,**

        **Defendants.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

<u>**SECOND AMENDED PETITION**</u>

This is a case involving the sale of thousands of salvage vehicles for which a major insurance company fraudulently obtained clean titles in violation of Missouri law. Plaintiff Lillian Louise Morgan Vogt ("Plaintiff") brings the following class action requesting injunctive relief and damages, to ensure consumers and the public are protected from further fraudulent activity and dangerous vehicles on the roads.

Plaintiff, individually and as the Representative of a class of similarly situated persons, states as follows for her individual claims against Defendant K & B Auto Sales LLC ("K & B") and the claims of the class and herself against Defendant Progressive Casualty Insurance Company ("Progressive"):

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1.     Plaintiff is a citizen and resident of Missouri.



Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

2. K & B is a Missouri company with its principal place of business in Missouri.

3. Progressive is a foreign insurance company.

4. Defendants conduct substantial and continuous business activity in the State of Missouri and derive substantial and continuous revenue from its business activities in the State of Missouri and are therefore subject to the jurisdiction of this Court.

5. Venue is proper in the Circuit Court of St. Louis County because Plaintiff Vogt was first injured by Defendants in St. Louis County.

**FACTUAL ALLEGATIONS**

6. On or about October 27, 2020, in St. Louis County, Missouri, K & B sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

7. The purchase price paid by Plaintiff to K & B for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

8. The Automobile was purchased by Plaintiff for personal use.

9. Shortly after Plaintiff had purchased the Automobile from K & B, Plaintiff noticed that the Automobile was not performing as expected.

10. Plaintiff took the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

11. Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by Progressive on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

12. Progressive had previously purchased the Automobile for salvage, dismantling or rebuilding.

13. Progressive declared the Automobile salvage.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

14.     Progressive had a duty under Section 301.227.1 of the Revised Statutes of Missouri, to obtain a salvage title because the automobile was sold for salvage, dismantled or rebuilt vehicle.

15.     Progressive, despite its duty under Section 301.227.1 of the Revised Statutes of Missouri, failed to obtain a salvage title or disclose the status of the Automobile as a salvage, dismantled or rebuilt vehicle.

16.     On August 12, 2020, a clean title to the Automobile was issued to Progressive.

17.     Progressive sold the Automobile with a clean title and without disclosing it was a salvage vehicle.

18.     Further, K & B failed to disclose the Automobile was a salvage vehicle to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020.

19.     Upon information and belief, Progressive has obtained clean titles for salvage, dismantled or rebuilt vehicles, and represented that the salvage vehicles it sells have an original or clean title, in this manner thousands of times.

## CLASS ALLEGATIONS

### Class Definitions

20.     Plaintiff Vogt brings this action on her own behalf and, pursuant to Mo. Sup. Ct. R. 52.08, as a class action on behalf of a Missouri class of persons defined as:

**Proposed Class:** All individuals who purchased a vehicle for personal, family or household use which Progressive had previously purchased in Missouri for salvage, dismantling or rebuilding, when the vehicle was less than seven years old, and damaged, but for which Progressive failed to obtain a salvage certificate (the "Class").

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

## RULE 52.08(a)

### Numerosity

21.     The members of the class are so numerous that joinder of all members is impracticable.  On information and belief, the class consists of at least thousands of consumers. The class is, however, ascertainable as the vehicles purchased by class members (the "vehicles") can be identified in business records maintained by Progressive.

### Commonality

22.     The questions of law and fact common to the class include, *inter alia*:

   (a)     Whether Progressive failed to disclose the status of vehicles purchased by the class members as salvage, dismantled or rebuilt vehicles;

   (b)     Whether Progressive's conduct in failing to disclose the status of the aforesaid vehicles violates Missouri's Uniform Commercial Code; and,

   (c)     Whether Progressive's conduct in failing to disclose the status of the aforesaid vehicles is an unlawful act under the Missouri Merchandising Practices Act.

### Typicality

23.     The named Plaintiff and members of the class each have a tangible and legally protectable interest at stake in this action.

24.     The claims of the named class representative and the absent class members have a common origin and share a common basis.  Their claims originate from the same practices by the same defendant.

25.     The proposed class representative states claims for which relief can be granted that are typical of the absent class members.  If brought and prosecuted individually, the claims of each

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

26.     The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interest of absent class members to ensure that the universal claims of the class will be prosecuted with diligence and care by the Plaintiff as representative of the class.

### Adequate Representation

27.     The named Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto.  The Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly or irrevocably conflict with, the interests of other members of the class.  The self-interests of the named class representative are co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to truly protect the interests of the absent class members.

28.     The named Plaintiff has engaged the services of counsel indicated below.  Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representatives and absent class members.

### RULE 52.08(b)(1)

29.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

be the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the plaintiff class.

30.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

### **RULE 52.08(b)(2)**

31.     Progressive has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

### **RULE 52.08(b)(3)**

32.     The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

    (a)     Individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake;

    (b)     There has been very little litigation over the controversies herein;

    (c)     The proposed class is manageable; and

    (d)     A Missouri venue is appropriate to hear claims arising under Missouri law.

### **COUNT I**
### **RECISSION – PLAINTIFF VOGT AGAINST K & B**

34.     Plaintiff Vogt incorporates the above allegations as though fully set forth herein.

35.     K & B was aware, or should have been aware, of the damage to the Automobile, and the fact that it had been declared a total loss by Progressive, prior to selling the Automobile to Plaintiff.

36.     K & B had a duty to disclose to Plaintiff the prior damage and history of the Automobile.

37.     K & B was aware, or should have been aware, of the history and prior damage to the Automobile and failed to disclose it to Plaintiff.

38.     K & B concealed the prior history and damage to the Automobile from Plaintiff.

39.     Such concealment by K & B was material.

40.     K & B intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

41.     Plaintiff was ignorant of the history and condition of the Automobile.

42.     Plaintiff had a right to rely upon, and did rely upon, K & B's representations regarding the Automobile, which included K & B's concealment of the history and condition of the Automobile.

43.     K & B also made specific representations to Plaintiff about the quality of the Automobile and its history.

44.     Plaintiff was damaged by her reliance on the statements, representations and concealments of K & B.

45.     Due to the actions of K & B, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE Plaintiff Vogt, individually, prays for judgment against K & B for the rescission of the Contract for the sale of the Automobile and that Plaintiff shall be entitled to a

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

refund in the amount of Six Thousand Five Hundred Dollars ($6,500.00) from K & B Auto Sales LLC, that K & B Auto Sales LLC shall be entitled to possession of the Automobile, and for such other and further relief as this Court deems just and proper.

**COUNT II**
**MMPA – PLAINTIFF VOGT AGAINST K & B**

46.     Plaintiff Vogt incorporates the above allegations as though fully set forth herein.

47.     This action is brought pursuant to Missouri's Merchandising Practices Act set forth in Mo. Rev. Stat. §§ 407.010 to 407.130.

48.     The actions of Defendant K & B set forth above constitute unlawful practices as defined by Mo. Rev. Stat § 407.020 in that they were deceptive and fraudulent, and were intentional concealments, suppressions, and omissions of material facts.

49.     K & B concealed the history and condition of the Automobile from Plaintiff Vogt at the time of its sale on October 27, 2020.

50.     The history and condition of the Automobile were material facts in the sale transaction.

51.     Plaintiff acted as a reasonable consumer in light of all circumstances in relying upon the representations and concealments of K & B regarding the Automobile.

52.     The actions of K & B at the time of the sale would cause a reasonable person to enter into the sale transaction for the Automobile.

53.     As a result of K & B's representations and concealments, Plaintiff Vogt was damaged.

54.     K & B's actions showed complete indifference to or conscious disregard for the safety and rights of others.

55.     K & B's actions showed flagrant disregard for the safety and rights of others.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

56. K & B's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually, prays for judgment in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses she suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for her costs incurred herein, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, for equitable relief including injunctive relief, for punitive damages and for such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

57. Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

58. Progressive owed a duty to Plaintiff Vogt and the Class to act with ordinary care to prevent harm to Plaintiff and the Class.

59. Progressive failed to exercise such care thereby breaching its duty in one or more of the following ways:

   a. Failing to disclose the history of salvage, dismantled or rebuilt vehicles purchased by the Class members;

   b. Failing to apply for salvage titles for vehicles purchased by the Class members;

   c. Failing to obtain salvage titles for vehicles purchased by the Class members;

   d. Transferring salvage, dismantled or rebuilt vehicles in the stream of commerce with clean titles; and,

   e. Such further negligence as discovery will reveal.

60. As a direct and proximate result of the aforesaid negligent acts of Progressive, Plaintiff Vogt and the Class suffered damages.

9

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

61.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

62.     Progressive's actions showed flagrant disregard for the safety and rights of others.

63.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages, and for any further relief this Court deems just and proper.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

64.     Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

65.     Progressive had a duty to accurately represent and disclose material information to Plaintiff Vogt and the Class.

66.     Progressive failed to exercise reasonable care in supplying Plaintiff and the Class with material information, and as a result breached its duty and made material misrepresentations to Plaintiff and the Class in the regular course of business regarding the automobiles Plaintiff and the Class purchased.

67.     In particular, Progressive failed to exercise reasonable care and, as a result, represented that the vehicles purchased by Plaintiff Vogt and the Class were not salvage vehicles.

68.     The information supplied by Progressive regarding these matters was false.

10

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

69.     These representations were material to Plaintiff Vogt and the Class members' decisions to purchase the vehicles.

70.     As a direct and proximate result of their reliance on Progressive's negligent misrepresentations, Plaintiff Vogt and the Class members have suffered damages.

71.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

72.     Progressive's actions showed flagrant disregard for the safety and rights of others.

73.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

### COUNT V
### NEGLIGENCE PER SE -
### PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

74.     Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

75.     At the time Progressive titled and sold the vehicles there existed, and continues to exist today, a statute (MO. REV. STAT. § 301.227.1) requiring Progressive to obtain a salvage certificate of title for salvage, dismantled or rebuilt vehicles.

76.      Progressive violated the statute by failing to obtain salvage titles.

77.     As downstream purchasers of the vehicles, Plaintiff Vogt and the Class members

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

are within the class of persons intended to be protected by the statute.

78.     As a direct and proximate result of the violation of said statute, Plaintiff Vogt and the Class members suffered damages.

79.     The losses and injuries to Plaintiff Vogt and the Class members are of a kind the statute were designed to prevent.

80.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

81.     Progressive's actions showed flagrant disregard for the safety and rights of others.

82.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the Class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT VI**
**FRAUDULENT MISREPRESENTATION –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

83.     Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

84.     Progressive knowingly made false representations about the vehicles, including that the vehicles were not salvage, dismantled or rebuilt vehicles.

85.     Progressive knew that these representations were false at the time they were made.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

86.     Progressive intended that Plaintiff Vogt and the Class rely upon and believe these representations.

87.     Plaintiff Vogt and the Class did not know that these representations were false.

88.     Plaintiff Vogt and the Class had a right to rely upon these representations.

89.     Plaintiff Vogt and the Class reasonably and justifiably relied upon these representations.

90.     These representations were material to Plaintiff Vogt and the Class's decision to purchase the vehicles.

91.     As a direct result of their reliance upon these representations, Plaintiff Vogt and the Class were caused to suffer damages.

92.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

93.     Progressive's actions showed flagrant disregard for the safety and rights of others.

94.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT VII**
**<u>MMPA – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE</u>**

95.     Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

96.     This action is brought pursuant to Missouri's Merchandising Practices Act set forth in MO. REV. STAT. §§ 407.010 to 407.130.

97.     The actions of Progressive set forth above constitute unlawful practices as defined by MO. REV. STAT § 407.020 in that they were deceptive and fraudulent, and were intentional concealments, suppressions, and omissions of material facts.

98.     Progressive concealed the history and condition of the vehicles from Plaintiff Vogt and the Class.

99.     The history and condition of the vehicles were material facts in the sale transactions.

100.    Plaintiff Vogt and the Class acted as reasonable consumers in light of all circumstances in relying upon the representations and concealments of Progressive regarding the vehicles.

101.    The actions of Progressive at the time of the sale would cause a reasonable person to enter into the sale transaction for the vehicles.

102.    As a result of Progressive's representations and concealments, Plaintiff Vogt and the Class were damaged.

103.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

104.    Progressive's actions showed flagrant disregard for the safety and rights of others.

105.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the Class, prays for judgment in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they suffered, for

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for an award of their attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, for equitable relief including injunctive relief, for punitive damages and for such other and further relief as this Court deems just and proper.

**COUNT VIII**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DESCRIPTION – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

106.     Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

107.     This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-314.

108.     Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

109.     Progressive violated Missouri's Uniform Commercial Code because the vehicles were not such as would pass without objection in the trade under the contract description and based on course of dealing or usage of trade.

110.     Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

111.     The vehicles were therefore defective and unmerchantable at the time of sale.

112.     As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

113.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

114.     Progressive's actions showed flagrant disregard for the safety and rights of others.

115.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT IX**
**BREACH OF WARRANTY OF TITLE -**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

116.     Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

117.     This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-312.

118.     Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

119.     Progressive violated Missouri's Uniform Commercial Code because the vehicles did not have good title as a result of Progressive's misrepresentations and fraudulent actions.

120.     Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

121.     The vehicles were therefore defective and unmerchantable at the time of sale.

122.     As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

123.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

124.     Progressive's actions showed flagrant disregard for the safety and rights of others.

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

125.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT X**
**BREACH OF EXPRESS WARRANTY –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

126.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

127.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-313.

128.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

129.    Progressive violated Missouri's Uniform Commercial Code because it expressly warranted that the vehicles were not salvage, dismantled or rebuilt vehicles.

130.    Plaintiff Vogt and the Class relied on the express warranty of Progressive in purchasing and using the vehicles.

131.    The vehicles were therefore defective and unmerchantable at the time of sale.

132.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

133.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

134.    Progressive's actions showed flagrant disregard for the safety and rights of others.

17

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

135.    Progressive's actions fraudulent and intentional actions show an intent to harm

others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment

against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars

($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a

rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any

further relief this Court deems just and proper.

**COUNT XI**
**BREACH OF MAGNUSON MOSS WARRANTY ACT–**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

136.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set

forth herein.

137.    This action is brought pursuant to the Magnuson Moss Warranty Act, 15 U.S.C. §§

2301-2312 as a result of Progressive's aforesaid actions in violating Missouri law, including

Missouri's Uniform Commercial Code, MO. REV. STAT. §§ 400.2-314(3).

138.    Progressive's actions are a violation of the Magnuson Moss Warranty Act because

the vehicles were not such as would pass without objection in the trade under the contract

description and based on course of dealing or usage of trade.

139.    Plaintiff Vogt and the Class relied on the representations, skill, and judgment of

Progressive in purchasing and using the vehicles.

140.    The vehicles were therefore defective and unmerchantable at the time of sale.

141.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and

the Class suffered damages.

142.    No opportunity to cure under 15 USC 2310(e) is required in this case because

Progressive misrepresented the status of the vehicle as having a clean title. A Defendant cannot

18

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

cure the sale of a vehicle with an improper, voidable or void title.

143.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

144.    Progressive's actions showed flagrant disregard for the safety and rights of others.

145.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for attorneys' fees, for their costs incurred herein, for equitable relief including injunctive relief, for punitive damages and for any further relief this Court deems just and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:     */s/ Kevin M. Carnie Jr.*
        John G. Simon, #35231
        Kevin M. Carnie Jr., #60979
        Patrick R. McPhail, #70242
        800 Market Street, Ste. 1700
        St. Louis, MO 63101
        jsimon@simonlawpc.com
        kcarnie@simonlawpc.com
        pmcphail@simonlawpc.com
        Phone:  314-241-2929
        Fax:  314-241-2029
        ***Attorneys for Plaintiff***

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**GUNN AND GUNN**
**A Professional Corporation**

By:   */s/ Patrick Boyle*
      PATRICK J. BOYLE - 36943
      Attorney for Plaintiff
      11901 Olive Boulevard, Suite 312
      P.O. Box 419002
      St. Louis, MO 63141
      314-432-4550 – 314-432-4489 fax
      pjbatty@aol.com

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

| | |
|---|---|
| **LILLIAN LOUIS MORGAN VOGT,** | |
| **Plaintiff,** | Cause No.: 21SL-AC01922 |
| **v.** | Division: 37T |
| **K & B AUTO SALES LLC,** | **JURY TRIAL DEMANDED** **ON ALL COUNTS** |
| **Defendant.** | |

<u>**ORDER**</u>

This Court having been presented with Plaintiff's Consent Motion for Leave to File Second Amended Petition and the Court being fully advised in its premises, hereby GRANTS said Motion and ORDERS that Plaintiff's Second Amended Petition be deemed filed on this date.

_____          _____
Date                                                              Judge

**PLAINTIFF'S**
**EXHIBIT**

**2**

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

**LILLIAN LOUIS MORGAN VOGT,**

       **Plaintiff,**

**v.**

**K & B AUTO SALES LLC**

**and**

**PROGRESSIVE CASUALTY**
**INSURANCE COMPANY,**

      **Defendants.**

Cause No.: 21SL-AC01922

Division: 37T

**JURY TRIAL DEMANDED**
**ON ALL COUNTS**

---

**ENTRY OF APPEARANCE**

    Kevin M. Carnie, Jr. of The Simon Law Firm, P.C., 800 Market Street, Suite 1700, St.

Louis, Missouri, 63101, hereby enters his appearance on behalf of Plaintiff in the above-referenced

matter.

            Respectfully Submitted,

            **THE SIMON LAW FIRM, P.C.**

By:   */s/ Kevin M. Carnie Jr.*
       John G. Simon, #35231
       Kevin M. Carnie Jr., #60979
       Patrick R. McPhail, #70242
       800 Market Street, Ste. 1700
       St. Louis, MO 63101
       jsimon@simonlawpc.com
       kcarnie@simonlawpc.com
       pmcphail@simonlawpc.com
       Phone:  314-241-2929
       Fax:  314-241-2029
       ***Attorneys for Plaintiff***

Electronically Filed - St Louis County - February 03, 2022 - 03:51 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

*/s/ Kevin M. Carnie, Jr.*
Kevin M. Carnie, Jr.

#4

Electronically Filed - St Louis County - January 25, 2022 - 12:17 PM

**In the**
# CIRCUIT COURT
**of St. Louis County, Missouri**

_L ILLIAN L. VOGT_
Plaintiff(s)

vs.

_K & B Auto Sales, LLC, et al_
Defendant(s)

Date _01/25/22_

Case Number _21SL-AC01922_

Division _37 T_

## CIVIL ORDER/MEMO

☐ Comes now, _____,
and enters his/her appearance on behalf of Plaintiff/Defendant.

☒ Cause continued to _Feb. 22, 2022_ at _9:00_ a.m./p.m.

for ☒ Plaintiff  ☐ Defendant  ☐ Consent  ☐ Service or Dismissal

for ☐ Trial  ☐ Length of Trial _____ hours/days  ☒ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.

☐ Plaintiff/Defendant requests a Change of Judge.

☐ Plaintiff/Defendant requests a Change of Venue.

☐ Plaintiff/Defendant requests a Jury Trial.

☐ Plaintiff and Defendant waive Jury Trial.

☐ Other: _____
_____

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.

☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

_____
Judge/Division

Date _____

Attorney _____ Bar No. _____
Patrick J. Boyle, #36943
Address P.O. Box 419002, St. Louis, MO 63141
Phone No. (314) 432-4550  (314) 432-4489 fax  Fax No.

Attorney _____ Bar No. _____

Address _____

Phone No. _____ Fax No. _____

CCAC36a  Rev. 08/12   WHITE – File       YELLOW -- Plaintiff's Attorney       PINK -- Defendant's Attorney       GOLDENROD -- Other

Electronically Filed - St Louis County - November 09, 2021 - 11:25 AM

**In the**
# CIRCUIT COURT
**of St. Louis County, Missouri**

Plaintiff(s) _LILLIAN VOGT_

vs.

Defendant(s) _K + B AUTO SALES LLC, et al_

Date _11-9-21_

Case Number _21SL-AC01922_

Division _37 T_

For File Stamp Only

## CIVIL ORDER/MEMO

☐ Comes now, _____,
and enters his/her appearance on behalf of Plaintiff/Defendant.

☒ Cause continued to _January 25, 2022_ at _9:00_ a.m./p.m.

for ☒ Plaintiff  ☐ Defendant  ☐ Consent  ☐ Service or Dismissal

for ☐ Trial  ☐ Length of Trial _____ hours/days  ☒ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.

☐ Plaintiff/Defendant requests a Change of Judge.

☐ Plaintiff/Defendant requests a Change of Venue.

☐ Plaintiff/Defendant requests a Jury Trial.

☐ Plaintiff and Defendant waive Jury Trial.

☒ Other: _For filing of Second Amended Petition and service upon second Defendant_

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.

☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

_____
Judge/Division

Date _____

Attorney **Patrick J. Boyle, #36943**  Bar No.
Address P.O. Box 419002, St. Louis, MO 63141
Phone No. (314) 432-4550  (314) 432-4489 fax  Fax No.

Attorney _____  Bar No. _____
Address _____
Phone No. _____  Fax No. _____

CCAC36a  Rev. 08/12   WHITE – File   YELLOW – Plaintiff's Attorney   PINK – Defendant's Attorney   GOLDENROD – Other

# IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JEFFREY PAUL MEDLER | Case Number:<br>21SL-AC01922 |
|---|---|
| Plaintiff/Petitioner:<br>LILLIAN LOUISE MORGAN VOGT | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK J. BOYLE<br>11901 OLIVE BOULEVARD<br>SUITE 312<br>P.O. BOX 419002<br>SAINT LOUIS, MO 63141<br>(314) 432-4550 |
| vs. | |
| Defendant/Respondent:<br>K&B AUTO SALES LLC | Date, Time and Location of Court Appearance:<br>09-NOV-2021, 09:00 AM<br>RM. 284 NORTH, DIV 37T<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>AC Contract/Account (Bulk) | |
| | (Date File Stamp) |

## Associate Division Alias Summons

The State of Missouri to: **PROGRESSIVE CASUALTY INSURANCE COMPANY**

**Alias:**

C/O MISSOURI DIR OF INSURANCE,
TRUMAN STATE OFFICE BLDG
301 WEST HIGH ST, RM. 530
JEFFERSON CITY, MO 65102



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

  **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least two business days in advance of the court proceeding.

| October 14, 2021 | _Joan G. Gilmer_ |
|---|---|
| Date | Clerk |

Further Information:
SDA

## Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____
Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____  _____
                                                                 Date                                        Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all

classes of suits: see Supreme Court Rule 54.

# ST. LOUIS COUNTY CIRCUIT COURT

### Instructions for Remote Hearings for
### ASSOCIATE CIVIL AND LANDLORD TENANT CASES

**Until further notice, to protect the health and safety of litigants and counsel, hearings for civil cases pending in associate circuit court will be held by video through the video conferencing platform Webex rather than in person. Below are the instructions for how to participate in the virtual court hearing.**

In order to appear for your court hearing through Webex, **you must have a valid email address or access to a phone.** If you choose to download the Webex app it is free and is available through all phone app stores.

1. On your scheduled court date and time, enter the **Meeting Room Information** listed in the table on this notice for the judge and division identified on the Summons or notice from the court directly into your browser and follow any noted instructions. You may also use the free app or go to www.webex.com and select Join a Meeting. You will be prompted to enter the **Meeting ID** for the judge and division identified on the Summons or notice from the court which can also be found in the listed table.

1. **If you are unable to participate by video**, you may call in for your hearing at:
   **1-408-418-9388** United States Toll. You will be prompted to enter the Meeting ID or Access Code. See the table to locate the appropriate **Meeting ID** number.

   **Note: If you fail to appear timely at your scheduled Court hearing via Webex or by phone, a default judgment may be entered against you.**

2. During the hearing, you may be placed in a virtual waiting room and when your case is called, a judge will admit you into the virtual court room. It may be possible to talk to the opposing party about the case in a virtual conference room called breakout sessions. There may be other cases being heard in the virtual court room at the same time and some waiting may be necessary. The court thanks you in advance for your patience.

3. If you have any questions, please call the division number listed in the table for the judge and division identified on the Summons or notice from the court.

4. Pursuant to St. Louis County Local Court Rule the VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.

5. You may contact the opposing party before the scheduled court date to discuss the case and engage in negotiations.  If a party is represented by an attorney, you must contact the attorney directly.  You may hire an attorney to represent you.

6. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgment must be signed by all the parties and dated. A Consent Judgment form can be found at **http://wp.stlcountycourts.com/wp-content/uploads/PDF/AC/ConsentJudgment.pdf.**  You can also complete your consent judgment on the record during your Webex hearing.

7. You can monitor the status of your case online on Case.Net at www.courts.mo.gov.  Use the "Track this Case" feature to receive automatic emails or text messages about your case.

| Division | Judge | Phone # | Meeting Room Information | Meeting ID |
|----------|-------|---------|-------------------------|------------|
| 32 | Lasater | 314-615-1532 | https://mocourts.webex.com/meet/vcdiv32mtg | 146 560 3204 |
| 33 | Cunningham | 314-615-1533 | https://mocourts.webex.com/meet/vcdiv33mtg | 146 590 1104 |
| 37 | Medler | 314-615-1537 | https://mocourts.webex.com/meet/vcdiv37mtg | 146 513 4852 |
| 41 | Lay | 314-615-1541 | https://mocourts.webex.com/meet/vcdiv41mtg | 146 904 4637 |
| 43 | Ghasedi | 314-615-1543 | https://mocourts.webex.com/meet/vcdiv43mtg | 146 984 1525 |
| 44 | Hearne | 314-615-1544 | https://mocourts.webex.com/meet/vcdiv44mtg | 146 647 8876 |

# County Satellite Court Now Open in St. Ann
## Hours:  Mon-Fri   8:30 a.m. to 5:00 p.m.    FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | |
|---|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.:  21SL-AC01922 |
| | ) | |
| K & B AUTO SALES LLC, | ) | Division:  37T |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO FIRST AMENDED PETITION**

**COMES NOW**, Defendant, K & B Auto Sales, LLC., and for their answer to Plaintiff's

First Amended Petition, state the following:

**FACTS COMMON TO ALL COUNTS**

1. Defendant is without sufficient information to form a belief as to the allegations

   contained in Paragraph 1, and, therefore, denies same.

2. Admit

3. Defendant is without sufficient information to form a belief as to the allegations

   contained in Paragraph 3, and, therefore, denies same.

4. Admit.

5. Defendant is without sufficient information to form a belief as to the allegations

   contained in Paragraph 5, and, therefore, denies same.

Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

6.  Admit.

7.  Admit.

8.  Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 8, and, therefore, denies same.

9.  Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 9, and, therefore, denies same.

10. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 10, and, therefore, denies same.

11. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 11, and, therefore, denies same.

12. As the allegation in Paragraph 12 is directed against Defendant, Progressive, Defendant K&B Auto Sales, LLC., makes no response.

13. Admit.

14. Admit that Defendant K&B failed to disclose that the vehicle had a branded title as the vehicle had a clean, unbranded title.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant prays for judgment in its favor, for its costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

## COUNT I

15. Defendant reasserts as if fully set forth herein its Responses to Paragraphs 1 through 14 as and for its Response to Paragraph 15.

16. Denied.

Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

17. Admit, Defendant K&B disclosed known history and/or damage of the vehicle in question, if any, prior to the sale to Plaintiff.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 22, and, therefore, denies same.

23.  Defendant concealed no knowledge of the automobile history and/or condition of the automobile from Plaintiff.

24. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 24, and, therefore, denies same.

25. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 25, and, therefore, denies same.

26. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 26, and, therefore, denies same.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant prays for judgment in its favor, for its costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

<u>COUNT II</u>

27. Defendant K&B reasserts, as if fully set forth herein, its Responses to Paragraphs 1 through 14 and Paragraphs 15 through 26 of Count I as and for its Response to Paragraph

28. Admit

Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

29. Admit.

30. Denied.

31. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 31, and, therefore, denies same.

32. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 32, and, therefore, denies same.

33. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 33, and, therefore, denies same.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant prays for judgment in its favor, for its costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

<u>COUNT III</u>

37. Defendant K&B reasserts as if fully set forth herein, its Responses to Paragraph 1-14; Paragraphs 15-26 of Count I and Paragraphs 27-36 of Count II as and for its Response to Paragraph 37.

38. As Paragraph 38 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 38.

39. As Paragraph 39 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 39.

Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

40. As Paragraph 40 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 40.

41. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 41, and, therefore, denies same.

42. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 42, and, therefore, denies same.

43. Admit with respect to Defendant K&B.

44. As Paragraph 44 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 44.

45. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 45, and, therefore, denies same.

46. As Paragraph 46 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 46.

47. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 47, and, therefore, denies same.

48. As Paragraph 48 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 48.

49. As Paragraph 49 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 49.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant prays for judgment in its favor, for its costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

## COUNT IV

50. Defendant K&B reasserts as if fully set forth herein, its Responses to Paragraph 1-14; Paragraphs 15-26 of Count I and Paragraphs 27-36 of Count II; Paragraphs 37-49 of Count IV as and for its Response to Paragraph 50.

51. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 51, and, therefore, denies same.

52. As Paragraph 52 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 52.

53. As Paragraph 53 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 53.

54. Admit with respect to Defendant K&B.

55. As Paragraph 55 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 55.

56. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 56, and, therefore, denies same.

57. As Paragraph 57 of Count III makes no allegation against Defendant K&B, and therefore, Defendant K&B makes no response to Paragraph 57.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant prays for judgment in its favor, for its costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff purchased the automobile in an "as-is, no warranty" transaction;

2. Plaintiff received a clean Missouri title which was unbranded;

Electronically Filed - St Louis County - September 13, 2021 - 04:28 PM

3.  Defendant K&B was without prior knowledge of any branding and/or salvage on the Missouri title or any relevant prior damage of the automobile prior to its sale to Plaintiff.

4.  Plaintiff failed to properly investigate thereby refuting Plaintiff's reliance on any assertions made by Defendant K&B.

5.  Defendant K&B stated to Plaintiff only truthful statements known to its agent, representative, employee and/or agent regarding the vehicle in question.

6.  Plaintiff waived or disclaimed reliance upon Defendant K&B's agent, representative, employee, and/or agent's representations as the vehicle was purchased in an "as is, no warranties" transaction.

7.  Defendant Progressive sold the vehicle to Defendant K&B and failed to comply with §301.227 RSMo. prior to the sale of the vehicle to Defendant K&B.

LAW OFFICES OF KEVIN D. WAYMAN

/s/ Kevin D. Wayman

_____

**KEVIN D. WAYMAN, # 38184**
Attorney at Law, LLC
2333 S. Hanley Road, Suite 101
St. Louis, Mo  63144
(314) 525-7177
(314) 525-7178 Facsimile
*Attorney for Defendant*
kevinwayman@msn.com

<u>CERTIFICATE OF SERVICE</u>
A true and accurate copy of the foregoing document was efiled this 13th day of September, 2021 and mailed/emailed to the following attorney of record:/psd
**Mr. Patrick J. Boyle**
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, MO  63141
314-432-4550; F:  314-432-4489
Attorney for Plaintiff
pjbatty@aol.com

Electronically Filed - St Louis County - September 07, 2021 - 09:18 AM

In the
# CIRCUIT COURT
of St. Louis County, Missouri

_Jillian J. Vogt_
Plaintiff(s)

vs.

_K + B Auto Sales LLC_
Defendant(s)

June # 7

For File Stamp Only

Date _9/7/21_

Case Number _21SL-AC 01922_

Division _37 T_

## CIVIL ORDER/MEMO

☐ Comes now, _____,
and enters his/her appearance on behalf of Plaintiff/Defendant.

☒ Cause continued to _11-9-21_ at _9:00_ (a.m.)/p.m.

for ☐ Plaintiff   ☐ Defendant   ☒ Consent   ☐ Service or Dismissal

for ☐ Trial   ☐ Length of Trial _____ hours/days   ☒ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.

☐ Plaintiff/Defendant requests a Change of Judge.

☐ Plaintiff/Defendant requests a Change of Venue.

☐ Plaintiff/Defendant requests a Jury Trial.

☐ Plaintiff and Defendant waive Jury Trial.

☐ Other: _____
_____

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.

☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

_____
Judge/Division

Date _____

Attorney _PLY-L2   for Pct   #23353_   Bar No.

Address _____

Phone No. _432-4550_   Fax No.

Attorney _____   Bar No.

Address _____

Phone No. _____   Fax No.

CCAC36a  Rev. 12/02  WHITE – File        YELLOW – Plaintiff's Attorney        PINK – Defendant's Attorney        GOLDENROD – Other

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE JUDGE DIVISION

| | |
|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 21SL-AC01922 |
| | ) |
| K & B AUTO SALES LLC | ) Division 37T |
| | ) |
| AND | ) |
| | ) |
| PROGRESSIVE CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| Serve at: Missouri Director of Insurance, | ) |
| Truman State Office Building, | ) |
| 301 West High Street, Room 530, | ) |
| Jefferson City, Missouri 65102, | ) |
| | ) |
| Defendant. | ) |

### FIRST AMENDED PETITION

Comes now Plaintiff Lillian Louise Morgan Vogt ("Plaintiff"), and, for her First
Amended Petition against Defendant K & B Auto Sales LLC and Defendant Progressive
Casualty Insurance Company, hereby states as follows:

### FACTS COMMON TO ALL COUNTS

1.      Plaintiff is now, and at all times mentioned herein was, an individual residing in
the City of St. Louis, Missouri.

2.      Defendant K & B Auto Sales LLC ("K & B") is now, and at all times mentioned
herein was, a limited liability company duly organized and existing under the laws of the State of
Missouri, and having its principal place of business in St. Louis County, Missouri.

3.      Defendant Progressive Casualty Insurance Company ("Progressive") is a foreign
insurance company, registered to do business in the State of Missouri.

4.      This case was initially filed by Plaintiff against K & B as a result of a consumer
transaction between Plaintiff and K & B which took place on or about October 27, 2020.

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

5.      As a result of an Answer filed by K & B, as well as the refusal of K & B to file a third party petition against Progressive, Plaintiff was compelled to file this First Amended Petition to include Progressive as a Defendant.

6.      On or about October 27, 2020, in St. Louis County, Missouri, K & B sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

7.      The purchase price paid by Plaintiff to K & B for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

8.      The Automobile was purchased by Plaintiff for personal use.

9.      Shortly after Plaintiff had purchased the Automobile from K & B, Plaintiff noticed that the Automobile was not performing as expected.

10.     Plaintiff took the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

11.     Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by Progressive on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

12.     Progressive, despite its duty under Section 301.227.1 of the Revised Statutes of Missouri, failed to disclose the status of the Automobile as a salvage vehicle.

13.     On August 12, 2020, a clean title to the Automobile was issued to Progressive.

14.     Further, K & B failed to disclose such fact to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020.

COUNT I

Comes now Plaintiff, by and through her attorney, and, for Count I of her Petition against K & B, hereby states as follows:

15.     Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts, as if set forth verbatim.

16.     K & B was aware, or should have been aware, of the damage to the Automobile, and the fact that it had been declared a total loss by Progressive, prior to selling the Automobile to Plaintiff.

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

17.     K & B had a duty to disclose to Plaintiff the prior damage and history of the Automobile.

18.     K & B was aware, or should have been aware, of the history and prior damage to the Automobile and failed to disclose it to Plaintiff.

19.     K & B concealed the prior history and damage to the Automobile from Plaintiff.

20.     Such concealment by K & B was material.

21.     K & B intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

22.     Plaintiff was ignorant of the history and condition of the Automobile.

23.     Plaintiff had a right to rely upon, and did rely upon, K & B's representations regarding the Automobile, which included K & B's concealment of the history and condition of the Automobile.

24.     K & B also made specific representations to Plaintiff about the quality of the Automobile and its history.

25.     Plaintiff was damaged by her reliance on the statements, representations and concealments of K & B.

26.     Due to the actions of K& B, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE, Plaintiff prays for judgment in her favor on Count I against Defendant K & B Auto Sales LLC for the rescission of the Contract for the sale of the Automobile and that Plaintiff shall be entitled to a refund in the amount of Six Thousand Five Hundred Dollars ($6,500.00) from K & B Auto Sales LLC, that K & B Auto Sales LLC shall be entitled to possession of the Automobile, and for such other and further relief as this Court deems just and proper.

COUNT II

Comes now Plaintiff, by and through her attorney, and, for Count II of her Petition against K & B, hereby states as follows:

27.     Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts and Paragraphs 15 through 26 of Count I, as if set forth verbatim.

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

28.     Section 407.020 of the Revised Statutes of Missouri prescribes unlawful practices regarding the sale or advertisement of any merchandise.

29.     Such Statute specifically prohibits the use or employment by any person by any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale of any merchandise.

30.     K & B concealed the history and condition of the Automobile from Plaintiff at the time of its sale on October 27, 2020.

31.     The history and condition of the Automobile were material facts in the sale transaction.

32.     Plaintiff acted as a reasonable consumer in light of all circumstances in relying upon the representations and concealments of K & B regarding the Automobile.

33.     The actions of K & B at the time of the sale would cause a reasonable person to enter into the sale transaction for the Automobile.

34.     Plaintiff was damaged by the actions of K & B in the sale transaction.

35.     The actions of K & B were willful and wanton and support the award of punitive damages against K & B as set forth in Section 407.025 of the Revised Statutes of Missouri.

36.     The actions of K & B in the sale transaction entitle Plaintiff to an award of her attorney's fees.

WHEREFORE, Plaintiff prays for judgment in her favor on Count II, awarding her actual damages as demonstrated at trial, for punitive damages against K & B in an amount which is fair and reasonable, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, and for such other and further relief as this Court deems just and proper.

COUNT III

Comes now Plaintiff, by and through her attorney, and, for Count III of her Petition against Progressive, hereby states as follows:

37.     Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts, Paragraphs 15 through 26 of Count I and Paragraphs 27 through 36 of Count II, as if set forth verbatim.

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

38.     Upon information and belief, the Automobile was declared a total loss by Progressive as a result of an accident involving a prior owner of the Automobile.

39.     Upon the declaration of the Automobile as a total loss and salvage vehicle, Progressive had a duty under Section 301.227.1 RSMo. to obtain a salvage certificate of title for the Automobile.

40.     Upon information and belief, Progressive did not apply for a salvage title for the Automobile.

41.     Rather, a clean title to the Automobile was issued in favor of Progressive, and Progressive sold and transferred title to the Automobile to K & B.

42.     The actions of Progressive in failing to obtain a salvage title, and transferring the automobile to K & B with a clean title, and after which K & B sold the Automobile to Plaintiff, constituted a fraudulent misrepresentation or concealment by Progressive.

43.     Progressive intended that both K & B and Plaintiff rely on its misrepresentations or concealments that the Automobile had not been declared a total loss or salvage vehicle.

44.     Progressive's false misrepresentation or concealment of the status of the Automobile as a salvage vehicle was material in the purchase transaction involving Plaintiff.

45.     Plaintiff relied upon the fact that a clean title had been issued to Progressive for the Automobile in its sale to K & B and subsequent sale to Plaintiff.

46.     Progressive knew at the time of its false misrepresentation or concealment that the Automobile was declared a total loss or salvage vehicle.

47.     Plaintiff had a right to rely upon the false misrepresentation or concealment that the Automobile had never been declared a total loss or salvage vehicle.

48.     As a result of Plaintiff's reliance upon the false misrepresentations and concealments of Progressive, Plaintiff has been damaged.

49.     The actions of Progressive, as aforesaid, were willful and wanton and in conscious disregard of the rights of Plaintiff and justify the imposition of punitive damages against Progressive.

WHEREFORE, Plaintiff prays for judgment in her favor on Count III and against Progressive Casualty Insurance Company for actual damages in the amount of $6,500.00, for punitive damages in an amount which is fair and reasonable, for her attorney's fees expended herein, and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

<u>COUNT IV</u>

Comes now Plaintiff, by and through her attorney, and for Count IV of her Petition against Progressive, hereby states as follows:

50.     Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts, Paragraphs 15 through 26 of Count I, Paragraphs 27 through 36 of Count II and Paragraphs 37 through 49 of Count III, as if set forth verbatim.

51.     Upon information and belief, the Automobile was involved in an accident while driven by a previous owner, and was declared a total loss or salvage vehicle by Progressive.

52.     At such time, Progressive had a duty under Section 301.227.1 RSMo. to apply for a salvage title for the automobile.

53.     The duty imposed upon Progressive by Section 301.227.1 is mandatory.

54.     Progressive breached its duty to all subsequent owners of the Automobile, including Plaintiff, by failing to apply for a salvage title for the Automobile.

55.     As a result of Progressive's breach of its duty, Plaintiff purchased a vehicle from K & B which she otherwise would not have purchased, had Progressive applied for salvage title, as it was required to do.

56.     The breach of duty by Progressive in failing to obtain a salvage title to the Automobile has caused damage to Plaintiff.

57.     The actions of Progressive, as aforesaid, were willful and wanton and in conscious disregard of the rights of Plaintiff, which actions warrant the imposition of punitive damages against Progressive.

WHEREFORE, Plaintiff prays for judgment in her favor on Count IV and against Progressive Casualty Insurance Company for actual damages in the amount of $6,5000.00, punitive damages in an amount which is fair and reasonable, for her attorney's fees incurred herein and for such other further relief as this Court deems just and proper.

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

GUNN AND GUNN
A Professional Corporation

By_____
PATRICK J. BOYLE – 36943
Attorney for Plaintiff
11901 Olive Boulevard, Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
314-432-4550 - 314-432-4489 fax
pjbatty@aol.com

<u>CERTIFICATE OF SERVICE</u>

A copy of this First Amended Petition shall be served this 17th day of August, 2021 upon counsel for Defendant K & B Auto Sales LLC by the Court's electronic filing system.

_____

Electronically Filed - St Louis County - August 17, 2021 - 09:57 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE JUDGE DIVISION

LILLIAN LOUISE MORGAN VOGT,   )
            )
  Plaintiff,       )
            )
vs.          ) Cause No. 21SL-AC01922
            )
K & B AUTO SALES LLC,   ) Division 37T
            )
  Defendant.      )

## MEMORANDUM

Comes now Plaintiff, by and through her attorney, and, with the consent of the Attorney for Defendant K & B Auto Sales LLC, files her First Amended Petition.

Upon such filing, Plaintiff hereby requests the issuance of a Summons to be served upon Defendant Progressive Casualty Insurance Company, c/o the Missouri Director of Insurance, Truman State Office Building, 301 West High Street, Room 530, Jefferson City, Missouri 65102.

GUNN AND GUNN
A Professional Corporation

By_____
PATRICK J. BOYLE – 36943
Attorney for Plaintiff
11901 Olive Boulevard
Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
314-432-4550
314-432-4489 fax
pjbatty@aol.com

## CERTIFICATE OF SERVICE

A copy of this Memorandum shall be served this 17th day of August, 2021, upon all counsel of record by the Court's electronic filing system.



Electronically Filed - St Louis County - July 16, 2021 - 01:56 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | | |
|---|---|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Cause No.:  21SL-AC01922 | |
| | ) | | |
| K & B AUTO SALES LLC, | ) | Division:  37 | |
| | ) | | |
| Defendant. | ) | | |

## ENTRY OF APPEARANCE

**COMES NOW**, Kevin D. Wayman, and hereby enters his appearance in the above

referenced matter on behalf of Defendant.

LAW OFFICES OF KEVIN D. WAYMAN

/s/ Kevin D. Wayman

_____

**KEVIN D. WAYMAN,** # 38184
Attorney at Law, LLC
2333 S. Hanley Road, Suite 101
St. Louis, Mo  63144
(314) 525-7177
(314) 525-7178 Facsimile
*Attorney for Defendant*
kevinwayman@msn.com

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing document was efiled this 16th day of
July, 2021 and mailed/emailed to the following attorney of record:/psd
**Mr. Patrick J. Boyle**
11901 Olive Blvd.
Suite 312
P.O. Box 419002
St. Louis, MO  63141
314-432-4550; F:  314-432-4489
Attorney for Plaintiff
pjbatty@aol.com

1

Electronically Filed - St. Louis County - July 13, 2021 - 04:36 PM

In the
# CIRCUIT COURT
of St. Louis County, Missouri

Plaintiff(s) _Lillian L.m. Vogt_

vs.

Defendant(s) _K & B Auto Sales LLC_

Date _7-13-21_

Case Number _21SL-AC01922_

Division _37 T_

For File Stamp Only

## CIVIL ORDER/MEMO

☐ Comes now, _____,
and enters his/her appearance on behalf of Plaintiff/Defendant.

☒ Cause continued to _September 7, 2021_ at _9:00_ (a.m.)/p.m.

for ☒ Plaintiff   ☐ Defendant   ☐ Consent   ☐ Service or Dismissal

for ☐ Trial   ☐ Length of Trial _____ hours/days   ☒ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.

☐ Plaintiff/Defendant requests a Change of Judge.

☐ Plaintiff/Defendant requests a Change of Venue.

☐ Plaintiff/Defendant requests a Jury Trial.

☐ Plaintiff and Defendant waive Jury Trial.

☐ Other:_____

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.

☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

_____
Judge/Division

Date _____

Attorney   Patrick J. Boyle, #36943   Bar No.
Address   P.O. Box 419002, St. Louis, MO  63141
(314) 432-4550  (314) 432-4489 fax
Phone No.   Fax No.

Attorney   Bar No.
Address
Phone No.   Fax No.

CCAC36a  Rev. 08/12   WHITE – File      YELLOW – Plaintiff's Attorney      PINK – Defendant's Attorney      GOLDENROD – Other

Electronically Filed - St Louis County - June 15, 2021 - 03:08 PM

# 16

In the
# CIRCUIT COURT
## of St. Louis County, Missouri

Plaintiff(s) _Lillian L. M. Vogt_

Date _6-15-21_

vs.

Case Number _21SL-AC01922_

Defendant(s) _K & B Auto Sales LLC_

Division _32 T_

For File Stamp Only

## CIVIL ORDER/MEMO

☐ Comes now, _____
and enters his/her appearance on behalf of Plaintiff/Defendant.

☒ Cause continued to _July 13, 2021_ at _9:00_ a.m./p.m.

for ☒ Plaintiff   ☐ Defendant   ☐ Consent   ☐ Service or Dismissal

for ☐ Trial   ☐ Length of Trial _____ hours/days   ☒ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.

☐ Plaintiff/Defendant requests a Change of Judge.

☐ Plaintiff/Defendant requests a Change of Venue.

☐ Plaintiff/Defendant requests a Jury Trial.

☐ Plaintiff and Defendant waive Jury Trial.

☒ Other: _Cause to be transferred to Division 37. Plaintiff to file First Amended Petition._

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.

☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

Attorney _Patrick J. Boyle_, #36943   Bar No.

Address _P.O. Box 419002, St. Louis, MO 63141_

_(314) 432-4550   (314) 432-4489 fax_

Phone No. _____   Fax No. _____

Judge/Division _____

Attorney _____   Bar No. _____

Date _____

Address _____

Phone No. _____   Fax No. _____

CCAC36a  Rev. 08/12   WHITE – File        YELLOW – Plaintiff's Attorney        PINK – Defendant's Attorney        GOLDENROD – Other

Electronically Filed - St Louis County - May 25, 2021 - 03:03 PM

In the
# CIRCUIT COURT
## of St. Louis County, Missouri

Lillian Louise Morgan Vogt
_____
Plaintiff(s)

vs.

K + B Auto Sales LLC
_____
Defendant(s)

Date  05/25/21

Case Number  21SL-AC01922

Division  32T

For File Stamp Only

## CIVIL ORDER/MEMO

☐ Comes now, _____,
and enters his/her appearance on behalf of Plaintiff/Defendant.

☒ Cause continued to ____06/15/21____ at ____9:00____ (a.m.)/p.m.

for  ☒ Plaintiff   ☐ Defendant   ☐ Consent   ☐ Service or Dismissal

for  ☐ Trial   ☐ Length of Trial _____ hours/days   ☒ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.

☐ Plaintiff/Defendant requests a Change of Judge.

☐ Plaintiff/Defendant requests a Change of Venue.

☐ Plaintiff/Defendant requests a Jury Trial.

☐ Plaintiff and Defendant waive Jury Trial.

☐ Other:_____

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.

☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

_____
Judge/Division

Date _____

Attorney  Patrick J. Boyle, #36943       Bar No.
Address  P.O. Box 419002, St. Louis, MO  63141
(314) 432-4550  (314) 432-4489 fax
Phone No.                                Fax No.

Attorney                                 Bar No.

Address

Phone No.                                Fax No.

CCAC36a  Rev. 08/12   WHITE – File      YELLOW – Plaintiff's Attorney      PINK – Defendant's Attorney      GOLDENROD - Other

Electronically Filed - St Louis County - May 20, 2021 - 09:00 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | |
|---|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.:  21SL-AC01922 |
| | ) | |
| K & B AUTO SALES LLC, | ) | Division:  32T |
| | ) | |
| Defendant. | ) | |

### ANSWER TO PETITION

**COMES NOW**, Defendant, K & B Auto Sales, LLC., and for their answer to Plaintiff's petition, state the following:

1. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 1, and, therefore, denies same.

2. Admit

3. Admit.

4. Admit.

5. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 5, and, therefore, denies same.

6. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 6, and, therefore, denies same.

7. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 7,  and, therefore, denies same.

8. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 8, and, therefore, denies same.

Electronically Filed - St Louis County - May 20, 2021 - 09:00 AM

9.  Admit.

10.  Denied.

<u>COUNT I</u>

11.  Defendant reasserts as if fully set forth herein its Responses to Paragraphs 1 through 10 as and for its Response to Paragraph 11.

12.  Denied.

13.  Admit. Defendant disclosed known history and/or damage of the vehicle in question, if any, prior to the sale to Plaintiff.

14.  Admit, Defendant was aware the vehicle had an unbranded Missouri title and disclosed all known history and/or damage, if any, regarding the vehicle in question, prior to the sale to Plaintiff.

15.  Denied.

16.  Denied.

17.  Denied.

18.  Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 18, and, therefore, denies same.

19.  Defendant concealed no knowledge of the automobile history and/or condition of the automobile from Plaintiff.

20.  Denied.

21.  Denied.

**WHEREFORE**, having fully responded to Plaintiff's Petition, Defendant prays for judgment in its favor, for its costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

Electronically Filed - St Louis County - May 20, 2021 - 09:00 AM

<u>COUNT II</u>

22. Defendant reasserts, as if fully set forth herein, its Responses to Paragraphs 1 through 10 and Paragraphs 11 through 21 of Count I, as and for its Response to Paragraph 22.

23. Admit.

24. Admit

25. Denied.

26. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 26, and, therefore, denies same.

27. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 27, and, therefore, denies same.

28. Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 28, and, therefore, denies same.

29. Denied.

30. Denied.

31. Denied.

**WHEREFORE**, having fully responded to Plaintiff's Petition, Defendant prays for judgment in his favor, for his costs, herein incurred and expended and for further relief as the Court deems just and proper in the premises.

<u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

1. Plaintiff purchased the automobile in an "as-is, no warranty" manner;

2. Plaintiff received a Missouri title which was unbranded;

3. Defendant was without prior knowledge of any branding on the Missouri title or any relevant prior damage existing on the automobile prior to its sale to Plaintiff.

3

Electronically Filed - St Louis County - May 20, 2021 - 09:00 AM

4.  Plaintiff failed to properly investigate thereby refuting Plaintiff's reliance on any assertions made by Defendant.

5.  Defendant stated to Plaintiff only truthful statements known to its agent regarding the vehicle in question.

6.  Plaintiff waived or disclaimed reliance upon Defendant's representations as the vehicle purchased was purchased "as is, no warranties".

7.  The party that sold the vehicle to Defendant failed to comply with $301.227 RSMo. prior to the sale of the vehicle to Defendant.

LAW OFFICES OF KEVIN D. WAYMAN

/s/ Kevin D. Wayman

_____

**KEVIN D. WAYMAN**, # 38184
Attorney at Law, LLC
2333 S. Hanley Road, Suite 101
St. Louis, Mo  63144
(314) 525-7177
(314) 525-7178 Facsimile
*Attorney for Defendant*
kevinwayman@msn.com

<u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing document was efiled this 20th day of May, 2021 and mailed/emailed to the following attorney of record:/psd

**Mr. Patrick J. Boyle**
11901 Olive Blvd.
Suite 312
P.O. Box 419002
St. Louis, MO  63141
314-432-4550; F:  314-432-4489
Attorney for Plaintiff
pjbatty@aol.com

Electronically Filed - St Louis County - April 16, 2021 - 04:37 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION


LILLIAN LOUISE MORGAN VOGT,               )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )  Cause No. 21SL-AC01922
                                          )
K & B AUTO SALES LLC,                     )  Division 32
                                          )
        Defendant.                        )

<u>MEMORANDUM</u>

Comes now Plaintiff, by and through her attorney, and hereby requests that the service

fee paid to Frederick Investigation, Inc. in the amount of $44.06 be taxed as costs in this matter.


                          GUNN AND GUNN
                          A Professional Corporation

                          By_____
                          PATRICK J. BOYLE – 36943
                          Attorney for Plaintiff
                          11901 Olive Boulevard
                          Suite 312
                          P.O. Box 419002
                          St. Louis, Missouri 63141
                          314-432-4550
                          314-432-4489 fax
                          pjbatty@aol.com


<u>CERTIFICATE OF SERVICE</u>

A copy of this Memorandum and attachment shall be served this 16<u>th</u> day of April, 2021,
up all counsel and parties of record by the Court's electronic filing system.

_____

Electronically Filed - St. Louis County - April 16, 2021 - 04:37 PM

Invoice

**Frederick Investigation, Inc.**

PO Box 270471
St. Louis, MO 63127

Phone #    314-966-5585         trish@frederickinvestigationinc.com

| Date | Invoice # |
|------|-----------|
| 4/15/2021 | 5014 |

| Bill To |
|---------|
| Gunn & Gunn<br>11901 Olive Blvd<br>Ste 312<br>St Louis MO 63141 |

| P.O. No. | Terms | Intro Date |
|----------|-------|------------|
| Jackie | Net 30 | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Lillian Louise Mergan Vogt vs K & B Auto Sales L.L.C. | | |
| 1 | Process served on K & B Auto Sales L.L.C. at 8455 Watson Rd, St Louis MO 63119 by serving Abdull Karin | 40.00 | 40.00 |
| 7 | Miles | 0.58 | 4.06 |

| | Total | $44.06 |
|--|-------|--------|

Electronically Filed - St Louis County - April 16, 2021 - 10:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

LILLIAN LOUISE MORGAN VOGT,            )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )   Cause No. 21SL-AC01922
                                       )
K & B AUTO SALES LLC,                  )   Division 32
                                       )
        Defendant.                     )

<u>MEMORANDUM</u>

Comes now Plaintiff, by and through her attorney, and hereby files Proof of Service upon Defendant K & B Auto Sales LLC.

GUNN AND GUNN
A Professional Corporation

By_____
PATRICK J. BOYLE – 36943
Attorney for Plaintiff
11901 Olive Boulevard
Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
314-432-4550
314-432-4489 fax
pjbatty@aol.com

<u>CERTIFICATE OF SERVICE</u>

A copy of this Memorandum and attachment shall be served this 16th day of April, 2021, up all counsel and parties of record by the Court's electronic filing system.

_____

Electronically Filed - St. Louis County - April 16, 2021 - 10:37 AM



# IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JULIA PUSATERI LASATER | Case Number:<br>21SL-AC01922 |
| Plaintiff/Petitioner:<br>LILLIAN LOUISE MORGAN VOGT | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK J. BOYLE<br>11901 OLIVE BOULEVARD<br>SUITE 312<br>P.O. BOX 419002<br>SAINT LOUIS, MO 63141<br>(314) 432-4550 |
| vs. | Date, Time and Location of Court Appearance:<br>25-MAY-2021, 09:00 AM<br>RM. 280 NORTH, DIV 32T<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br>K&B AUTO SALES LLC | |
| Nature of Suit:<br>AC Contract/Account (Bulk) | |
| | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to:  K&B AUTO SALES LLC
Alias:

8455 WATSON ROAD
SERVE AGENT IN CHARGE
SAINT LOUIS, MO 63119

**COURT SEAL OF**



**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

　　SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least two business days in advance of the court proceeding.

04-12-21
Date

Clerk

Further Information:
TB

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
Abdull Karim (name) authorized to acept proass (title).

☐ other: _____
Served at 8455 Watson St Louis, Mo 63119 (address) in St Louis County (County/City of St. Louis), MO, on 4-13-21 (date) at 12:01 pm (time).

_Printing_ Enclerare
JAIMIE MANESS Name of Sheriff or Server　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on 4/14/2021 (date).

My commission expires: 1/2/2025
　　Date　　　　　　　　Jaimie Maness Notary Public

**NOTARY SEAL**
JAIMIE MANESS
My Commission Expires
01-02-2025
St. Louis County
Commission # 13482026

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (01-21) SM22 (ADSM) *For Court Use Only:* Document ID# 21-ADSM-7887　　1 of 1　　　　　517.041

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JULIA PUSATERI LASATER | Case Number:<br>21SL-AC01922 |
|---|---|
| Plaintiff/Petitioner:<br>LILLIAN LOUISE MORGAN VOGT | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK J. BOYLE<br>11901 OLIVE BOULEVARD<br>SUITE 312<br>P.O. BOX 419002<br>SAINT LOUIS, MO  63141<br>(314) 432-4550 |
| vs. | |
| Defendant/Respondent:<br> K&B AUTO SALES LLC | Date, Time and Location of Court Appearance:<br>**25-MAY-2021, 09:00 AM** |
| Nature of Suit:<br>AC Contract/Account (Bulk) | **RM. 280 NORTH, DIV 32T**<br>**ST LOUIS COUNTY COURT BUILDING**<br>**105 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO  63105** |
| | (Date File Stamp) |

## Associate Division Summons

**The State of Missouri to:   K&B AUTO SALES LLC**
           **Alias:**

                            **8455 WATSON ROAD**
                            **SERVE AGENT IN CHARGE**
                            **SAINT LOUIS, MO  63119**



**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

    **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least two business days in advance of the court proceeding.**

                04-12-21
                  Date                                                     Clerk

Further Information:
TB

### Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                              Signature of Sheriff or Server
                **Must be sworn before a notary public if not served by an authorized officer.**
                Subscribed and sworn to before me on _____ (date).
   *(Seal)*
                My commission expires: _____   _____
                                  Date                               Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# ST. LOUIS COUNTY CIRCUIT COURT

### Instructions for Remote Hearings for
### ASSOCIATE CIVIL AND LANDLORD TENANT CASES

**<u>Until further notice, to protect the health and safety of litigants and counsel, hearings for civil cases pending in associate circuit court will be held by video through the video conferencing platform Webex rather than in person. Below are the instructions for how to participate in the virtual court hearing.</u>**

In order to appear for your court hearing through Webex, **you must have a valid email address or access to a phone.** If you choose to download the Webex app it is free and is available through all phone app stores.

1. On your scheduled court date and time, enter the **Meeting Room Information** listed in the table on this notice for the judge and division identified on the Summons or notice from the court directly into your browser and follow any noted instructions. You may also use the free app or go to [www.webex.com](www.webex.com) and select Join a Meeting. You will be prompted to enter the **Meeting ID** for the judge and division identified on the Summons or notice from the court which can also be found in the listed table.

2. **If you are unable to participate by video**, you may call in for your hearing at:

    **1-408-418-9388** United States Toll. You will be prompted to enter the Meeting ID or Access Code. See the table to locate the appropriate **Meeting ID** number.

    **<u>Note: If you fail to appear timely at your scheduled Court hearing via Webex or by phone, a default judgment may be entered against you.</u>**

3. During the hearing, you may be placed in a virtual waiting room and when your case is called, a judge will admit you into the virtual court room. It may be possible to talk to the opposing party about the case in a virtual conference room called breakout sessions.  There may be other cases being heard in the virtual court room at the same time and some waiting may be necessary. The court thanks you in advance for your patience.

4. If you have any questions, please call the division number listed in the table for the judge and division identified on the Summons or notice from the court.

5. Pursuant to St. Louis County Local Court Rule the VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.

6. You may contact the opposing party before the scheduled court date to discuss the case and engage in negotiations. If a party is represented by an attorney, you must contact the attorney directly. You may hire an attorney to represent you.

7. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgment must be signed by all the parties and dated. A Consent Judgment form can be found at **http://wp.stlcountycourts.com/wp-content/uploads/PDF/AC/ConsentJudgment.pdf.** You can also complete your consent judgment on the record during your Webex hearing.

8. You can monitor the status of your case online on Case.Net at www.courts.mo.gov. Use the "Track this Case" feature to receive automatic emails or text messages about your case.

| Division | Judge | Phone # | Meeting Room Information | Meeting ID |
|----------|-------|---------|-------------------------|------------|
| 32 | Lasater | 314-615-1532 | https://mocourts.webex.com/meet/vcdiv32mtg | 146 560 3204 |
| 33 | Cunningham | 314-615-1533 | https://mocourts.webex.com/meet/vcdiv33mtg | 146 590 1104 |
| 37 | Medler | 314-615-1537 | https://mocourts.webex.com/meet/vcdiv37mtg | 146 513 4852 |
| 41 | Lay | 314-615-1541 | https://mocourts.webex.com/meet/vcdiv41mtg | 146 904 4637 |
| 43 | Ghasedi | 314-615-1543 | https://mocourts.webex.com/meet/vcdiv43mtg | 146 984 1525 |
| 44 | Hearne | 314-615-1544 | https://mocourts.webex.com/meet/vcdiv44mtg | 146 647 8876 |

# County Satellite Court Now Open in St. Ann
**Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING**

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.


**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**


**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



Electronically Filed - St Louis County - January 27, 2021 - 02:27 PM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

LILLIAN LOUISE MORGAN VOGT
_____
Plaintiff/Petitioner

vs.

K & B AUTO SALES LLC
_____
Defendant/Respondent

January 25, 2021
_____
Date

Case Number
_____
   32T

Division
_____

┌                               ┐
       For File Stamp Only

└                               ┘

_AMENDED_ **REQUEST FOR APPOINTMENT OF PROCESS SERVER**

Comes now  Plaintiff, LILLIAN LOUISE MORGAN VOGT                          , pursuant
            Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John Frederick, Cody Terry, Rebecca Montle        PO Box St. Louis, MO 63127        314-966-5585
Name of Process Server                            Address                           Telephone

Luke Prewitt, Dave Roberts, Robert Montle             "                                 "
Name of Process Server                            Address or in the Alternative     Telephone

Jessica Frederick, Chistopher Ruhland                 "                                 "
Name of Process Server                            Address or in the Alternative     Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                            SERVE:
K & B AUTO SALES LLC , _Absent in Charge_         _____
Name                                              Name
8455 Watson Road                                  _____
Address                                           Address
St. Louis, Missouri 63119                         _____
City/State/Zip                                    City/State/Zip

SERVE:                                            SERVE:
_____                   _____
Name                                              Name
_____                   _____
Address                                           Address
_____                   _____
City/State/Zip                                    City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

                                                  Signature of Attorney/Plaintiff/Movant
                                                  Patrick J Boyle #36943
By _____               P.O. Box 419002, St. Louis, MO 63141
   Deputy Clerk                                   Bar No.  (314) 432-4550  (314) 432-4489 fax

_____                  _____
                                                  Address

_____                  _____
Date                                              Phone No.                         Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - January 27, 2021 - 02:27 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - January 27, 2021 - 02:27 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

LILLIAN LOUISE MORGAN VOGT
Plaintiff/Petitioner

vs.

K & B AUTO SALES LLC
Defendant/Respondent

January 25, 2021
Date

For File Stamp Only

Case Number
32T

Division

## ~~AMENDED~~ REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, LILLIAN LOUISE MORGAN VOGT , pursuant
                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John Frederick, Cody Terry, Rebecca Montle     PO Box St. Louis, MO 63127      314-966-5585
Name of Process Server                          Address                          Telephone

Luke Prewitt, Dave Roberts, Robert Montle              "                            "
Name of Process Server                          Address or in the Alternative     Telephone

Jessica Frederick, Chistopher Ruhland                  "                            "
Name of Process Server                          Address or in the Alternative     Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
K & B AUTO SALES LLC , Abcnt in Charge
Name
8455 Watson Road
Address
St. Louis, Missouri 63119
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By **/s/Diana Townsend**
     Deputy Clerk

01-27-2021
Date

Signature of Attorney/Plaintiff Pro Se
Patrick J. Boyle, #36943
P.O. Box 419002, St. Louis, MO 63141
Bar No.  (314) 432-4550  (314) 432-4489 fax
Address

Phone No.                          Fax No.

CCADM62-WS     Rev. 08/16

Electronically Filed - St Louis County - January 27, 2021 - 02:27 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**21SL-AC01922**

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

___LILLIAN LOUISE MORGAN VOGT___
Plaintiff/Petitioner

vs.

___K & B AUTO SALES LLC___
Defendant/Respondent

January 25, 2021
Date

Case Number

___32T___
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff, LILLIAN LOUISE MORGAN VOGT__ , pursuant
      Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| | | |
|---|---|---|
| John Frederick, Cody Terry, Rebecca Montle | PO Box St. Louis, MO 63127 | 314-966-5585 |
| Name of Process Server | Address | Telephone |
| Luke Prewitt, Dave Roberts, Robert Montle | " | " |
| Name of Process Server | Address or in the Alternative | Telephone |
| Jessica Frederick, Christopher Ruhland | " | " |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
___K & B AUTO SALES LLC___
Name
___8455 Watson Road___
Address
___St. Louis, Missouri 63119___
City/State/Zip

SERVE:
___Joe Doe___
Name
___8455 Watson Road___
Address
___St. Louis, Missouri 63119___
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
    Deputy Clerk


_____
Date

Signature of Attorney/Plaintiff/Petitioner
Patrick J. Boyle #36943
P.O. Box 419002, St. Louis, MO 63141
Bar No.  (314) 432-4550  (314) 432-4489 fax

Address

_____
Phone No.                                    Fax No.

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**21SL-AC01922**

Electronically Filed - St. Louis County - January 26, 2021 - 09:04 AM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

LILLIAN LOUISE MORGAN VOGT
Plaintiff/Petitioner

vs.

K & B AUTO SALES LLC
Defendant/Respondent

January 25, 2021
Date

Case Number

32T

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, LILLIAN LOUISE MORGAN VOGT                    , pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| John Frederick, Cody Terry, Rebecca Montle | PO Box St. Louis, MO 63127 | 314-966-5585 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Luke Prewitt, Dave Roberts, Robert Montle | " | " |
| Name of Process Server | Address or in the Alternative | Telephone |
| Jessica Frederick, Chistopher Ruhland | " | " |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
K & B AUTO SALES LLC
Name
8455 Watson Road
Address
St. Louis, Missouri 63119
City/State/Zip

SERVE:
Joe Doe
Name
8455 Watson Road
Address
St. Louis, Missouri 63119
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By   **/s/Sandra D. Avant**
Deputy Clerk

**OCTOBER 14, 2021**
Date

Signature of Attorney/Plaintiff/Petitioner
Patrick J. Boyle  #36943
Bar No.
P.O. Box 419002, St. Louis, MO  63141
Address
(314) 432-4550  (314) 432-4489 fax
Phone No.                              Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - January 26, 2021 - 09:04 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**21SL-AC01922**

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. |
| | ) |
| K & B AUTO SALES LLC | ) Division 32T |
| 8455 Watson Road, | ) |
| St. Louis, Missouri 63119, | ) |
| | ) |
| Defendant. | ) |

PETITION

Comes now Plaintiff Lillian Louise Morgan Vogt ("Plaintiff"), and, for her Petition against Defendant K & B Auto Sales LLC ("Defendant"), hereby states as follows:

FACTS COMMON TO ALL COUNTS

1.      That Plaintiff is now, and at all times mentioned herein was, an individual residing in the City of St. Louis, Missouri.

2.      That Defendant is now, and at all times mentioned herein was, a limited liability company duly organized and existing under the laws of the State of Missouri, and having its principal place of business in St. Louis County, Missouri.

3.      On or about October 27, 2020, in St. Louis County, Missouri, Defendant sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

4.      The purchase price paid by Plaintiff to Defendant for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

5.      The Automobile was purchased by Plaintiff for personal use.

6.      Shortly after Plaintiff had purchased the Automobile from Defendant, Plaintiff noticed that the Automobile was not performing as expected.

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

7.     Plaintiff brought the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

8.     Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by an insurance company on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

9.     On August 12, 2020, a title to the Automobile was issued to an insurance company.

10.     Thereafter, without notice to Plaintiff, the Automobile was titled in the name of Defendant and then sold to Plaintiff on October 27, 2020.

<u>COUNT I</u>

Comes now Plaintiff, by and through her attorney, and, for Count I of her Petition against Defendant, hereby states as follows:

11.     Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, as if set forth verbatim.

12.     Defendant was aware of the damage to the Automobile, and the fact that it had been declared a total loss, prior to selling the Automobile to Plaintiff.

13.     Defendant had a duty to disclose to Plaintiff the history of the Automobile.

14.     That Defendant was aware of the history and damage to the Automobile and failed to disclose it to Plaintiff.

15.     Defendant concealed the prior history and damage to the Automobile from Plaintiff.

16.     That such concealment was material.

17.     Defendant intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

18.     Plaintiff was ignorant of the history and condition of the Automobile.

19.     Plaintiff had a right to rely upon, and did rely upon, Defendant's representations regarding the Automobile, which included Defendant's concealment of the history and condition of the Automobile.

20.     Plaintiff was damaged by such reliance.

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

21.     Due to Defendant's actions, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendant for rescission of the Contract for the sale of the Automobile, so that Plaintiff shall be refunded the sum of Six Thousand Five Hundred Dollars ($6,500.00) from Defendant, and Defendant shall be entitled to possession of the Automobile, and for such other and further relief as this Court deems just and proper.

COUNT II

Comes now Plaintiff, by and through her attorney, and, for Count II of her Petition against Defendant, hereby states as follows:

22.     Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, and Paragraphs 10 through 21 of Count I, as if set forth verbatim.

23.     Section 407.020 of the Revised Statutes of Missouri prescribes unlawful practices regarding the sale or advertisement of any merchandise.

24.     Such Statute specifically prohibits the use or employment by any person by an deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale of any merchandise.

25.     Defendant concealed the history and condition of the Automobile from Plaintiff at the time of its sale on October 27, 2020.

26.     The history and condition of the Automobile was a material fact in the sale transaction.

27.     Plaintiff acted as a reasonable consumer in light of all circumstances in relying upon the representations and concealments of Defendant regarding the Automobile.

28.     The acts of Defendant at the time of the sale would cause a reasonable person to enter into the sale transaction for the Automobile.

29.     Plaintiff was damaged by the acts of Defendant in the sale transaction.

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

30.    The actions of Defendant were willful and wanton and support the award of punitive damages against Defendant as set forth in Section 407.025 of the Revised Statutes of Missouri.

31.    The actions of Defendant in the sale transaction entitle Plaintiff to an award of her attorney's fees.

WHEREFORE, Plaintiff prays an Order of this Court awarding her actual damages as demonstrated at trial, for punitive damages in an amount which is fair and reasonable, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, and for such other and further relief as this Court deems just and proper.

GUNN AND GUNN
A Professional Corporation

By_____
PATRICK J. BOYLE – 36943
Attorney for Plaintiff
11901 Olive Boulevard
Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
314-432-4550
314-432-4489 fax
pjbatty@aol.com