IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. |
| K & B AUTO SALES LLC<br>8455 Watson Road,<br>St. Louis, Missouri 63119, | ) Division 32T |
| Defendant. | ) |

## PETITION

Comes now Plaintiff Lillian Louise Morgan Vogt ("Plaintiff"), and, for her Petition against Defendant K & B Auto Sales LLC ("Defendant"), hereby states as follows:

### FACTS COMMON TO ALL COUNTS

1. That Plaintiff is now, and at all times mentioned herein was, an individual residing in the City of St. Louis, Missouri.

2. That Defendant is now, and at all times mentioned herein was, a limited liability company duly organized and existing under the laws of the State of Missouri, and having its principal place of business in St. Louis County, Missouri.

3. On or about October 27, 2020, in St. Louis County, Missouri, Defendant sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

4. The purchase price paid by Plaintiff to Defendant for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

5. The Automobile was purchased by Plaintiff for personal use.

6. Shortly after Plaintiff had purchased the Automobile from Defendant, Plaintiff noticed that the Automobile was not performing as expected.

7. Plaintiff brought the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

8. Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by an insurance company on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

9. On August 12, 2020, a title to the Automobile was issued to an insurance company.

10. Thereafter, without notice to Plaintiff, the Automobile was titled in the name of Defendant and then sold to Plaintiff on October 27, 2020.

## COUNT I

Comes now Plaintiff, by and through her attorney, and, for Count I of her Petition against Defendant, hereby states as follows:

11. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, as if set forth verbatim.

12. Defendant was aware of the damage to the Automobile, and the fact that it had been declared a total loss, prior to selling the Automobile to Plaintiff.

13. Defendant had a duty to disclose to Plaintiff the history of the Automobile.

14. That Defendant was aware of the history and damage to the Automobile and failed to disclose it to Plaintiff.

15. Defendant concealed the prior history and damage to the Automobile from Plaintiff.

16. That such concealment was material.

17. Defendant intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

18. Plaintiff was ignorant of the history and condition of the Automobile.

19. Plaintiff had a right to rely upon, and did rely upon, Defendant's representations regarding the Automobile, which included Defendant's concealment of the history and condition of the Automobile.

20. Plaintiff was damaged by such reliance.

Electronically Filed - St Louis County - January 26, 2021 - 09:04 AM

21. Due to Defendant's actions, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendant for rescission of the Contract for the sale of the Automobile, so that Plaintiff shall be refunded the sum of Six Thousand Five Hundred Dollars ($6,500.00) from Defendant, and Defendant shall be entitled to possession of the Automobile, and for such other and further relief as this Court deems just and proper.

## COUNT II

Comes now Plaintiff, by and through her attorney, and, for Count II of her Petition against Defendant, hereby states as follows:

22. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, and Paragraphs 10 through 21 of Count I, as if set forth verbatim.

23. Section 407.020 of the Revised Statutes of Missouri prescribes unlawful practices regarding the sale or advertisement of any merchandise.

24. Such Statute specifically prohibits the use or employment by any person by an deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale of any merchandise.

25. Defendant concealed the history and condition of the Automobile from Plaintiff at the time of its sale on October 27, 2020.

26. The history and condition of the Automobile was a material fact in the sale transaction.

27. Plaintiff acted as a reasonable consumer in light of all circumstances in relying upon the representations and concealments of Defendant regarding the Automobile.

28. The acts of Defendant at the time of the sale would cause a reasonable person to enter into the sale transaction for the Automobile.

29. Plaintiff was damaged by the acts of Defendant in the sale transaction.

30. The actions of Defendant were willful and wanton and support the award of punitive damages against Defendant as set forth in Section 407.025 of the Revised Statutes of Missouri.

31. The actions of Defendant in the sale transaction entitle Plaintiff to an award of her attorney's fees.

WHEREFORE, Plaintiff prays an Order of this Court awarding her actual damages as demonstrated at trial, for punitive damages in an amount which is fair and reasonable, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, and for such other and further relief as this Court deems just and proper.

GUNN AND GUNN
A Professional Corporation

By_____
PATRICK J. BOYLE – 36943
Attorney for Plaintiff
11901 Olive Boulevard
Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
314-432-4550
314-432-4489 fax
pjbatty@aol.com