IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE JUDGE DIVISION

| | |
|---|---|
| LILLIAN LOUISE MORGAN VOGT, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 21SL-AC01922 |
| K & B AUTO SALES LLC | ) Division 37T |
| AND | ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, Serve at: Missouri Director of Insurance, Truman State Office Building, 301 West High Street, Room 530, Jefferson City, Missouri 65102, | ) |
| Defendant. | ) |

FIRST AMENDED PETITION

Comes now Plaintiff Lillian Louise Morgan Vogt ("Plaintiff"), and, for her First Amended Petition against Defendant K & B Auto Sales LLC and Defendant Progressive Casualty Insurance Company, hereby states as follows:

FACTS COMMON TO ALL COUNTS

1. Plaintiff is now, and at all times mentioned herein was, an individual residing in the City of St. Louis, Missouri.

2. Defendant K & B Auto Sales LLC ("K & B") is now, and at all times mentioned herein was, a limited liability company duly organized and existing under the laws of the State of Missouri, and having its principal place of business in St. Louis County, Missouri.

3. Defendant Progressive Casualty Insurance Company ("Progressive") is a foreign insurance company, registered to do business in the State of Missouri.

4. This case was initially filed by Plaintiff against K & B as a result of a consumer transaction between Plaintiff and K & B which took place on or about October 27, 2020.

5.  As a result of an Answer filed by K & B, as well as the refusal of K & B to file a third party petition against Progressive, Plaintiff was compelled to file this First Amended Petition to include Progressive as a Defendant.

6.  On or about October 27, 2020, in St. Louis County, Missouri, K & B sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

7.  The purchase price paid by Plaintiff to K & B for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

8.  The Automobile was purchased by Plaintiff for personal use.

9.  Shortly after Plaintiff had purchased the Automobile from K & B, Plaintiff noticed that the Automobile was not performing as expected.

10. Plaintiff took the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

11. Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by Progressive on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

12. Progressive, despite its duty under Section 301.227.1 of the Revised Statutes of Missouri, failed to disclose the status of the Automobile as a salvage vehicle.

13. On August 12, 2020, a clean title to the Automobile was issued to Progressive.

14. Further, K & B failed to disclose such fact to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020.

## COUNT I

Comes now Plaintiff, by and through her attorney, and, for Count I of her Petition against K & B, hereby states as follows:

15. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts, as if set forth verbatim.

16. K & B was aware, or should have been aware, of the damage to the Automobile, and the fact that it had been declared a total loss by Progressive, prior to selling the Automobile to Plaintiff.

17. K & B had a duty to disclose to Plaintiff the prior damage and history of the Automobile.

18. K & B was aware, or should have been aware, of the history and prior damage to the Automobile and failed to disclose it to Plaintiff.

19. K & B concealed the prior history and damage to the Automobile from Plaintiff.

20. Such concealment by K & B was material.

21. K & B intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

22. Plaintiff was ignorant of the history and condition of the Automobile.

23. Plaintiff had a right to rely upon, and did rely upon, K & B's representations regarding the Automobile, which included K & B's concealment of the history and condition of the Automobile.

24. K & B also made specific representations to Plaintiff about the quality of the Automobile and its history.

25. Plaintiff was damaged by her reliance on the statements, representations and concealments of K & B.

26. Due to the actions of K & B, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE, Plaintiff prays for judgment in her favor on Count I against Defendant K & B Auto Sales LLC for the rescission of the Contract for the sale of the Automobile and that Plaintiff shall be entitled to a refund in the amount of Six Thousand Five Hundred Dollars ($6,500.00) from K & B Auto Sales LLC, that K & B Auto Sales LLC shall be entitled to possession of the Automobile, and for such other and further relief as this Court deems just and proper.

## COUNT II

Comes now Plaintiff, by and through her attorney, and, for Count II of her Petition against K & B, hereby states as follows:

27. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts and Paragraphs 15 through 26 of Count I, as if set forth verbatim.

28. Section 407.020 of the Revised Statutes of Missouri prescribes unlawful practices regarding the sale or advertisement of any merchandise.

29. Such Statute specifically prohibits the use or employment by any person by any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale of any merchandise.

30. K & B concealed the history and condition of the Automobile from Plaintiff at the time of its sale on October 27, 2020.

31. The history and condition of the Automobile were material facts in the sale transaction.

32. Plaintiff acted as a reasonable consumer in light of all circumstances in relying upon the representations and concealments of K & B regarding the Automobile.

33. The actions of K & B at the time of the sale would cause a reasonable person to enter into the sale transaction for the Automobile.

34. Plaintiff was damaged by the actions of K & B in the sale transaction.

35. The actions of K & B were willful and wanton and support the award of punitive damages against K & B as set forth in Section 407.025 of the Revised Statutes of Missouri.

36. The actions of K & B in the sale transaction entitle Plaintiff to an award of her attorney's fees.

WHEREFORE, Plaintiff prays for judgment in her favor on Count II, awarding her actual damages as demonstrated at trial, for punitive damages against K & B in an amount which is fair and reasonable, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, and for such other and further relief as this Court deems just and proper.

## COUNT III

Comes now Plaintiff, by and through her attorney, and, for Count III of her Petition against Progressive, hereby states as follows:

37. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts, Paragraphs 15 through 26 of Count I and Paragraphs 27 through 36 of Count II, as if set forth verbatim.

38. Upon information and belief, the Automobile was declared a total loss by Progressive as a result of an accident involving a prior owner of the Automobile.

39. Upon the declaration of the Automobile as a total loss and salvage vehicle, Progressive had a duty under Section 301.227.1 RSMo. to obtain a salvage certificate of title for the Automobile.

40. Upon information and belief, Progressive did not apply for a salvage title for the Automobile.

41. Rather, a clean title to the Automobile was issued in favor of Progressive, and Progressive sold and transferred title to the Automobile to K & B.

42. The actions of Progressive in failing to obtain a salvage title, and transferring the automobile to K & B with a clean title, and after which K & B sold the Automobile to Plaintiff, constituted a fraudulent misrepresentation or concealment by Progressive.

43. Progressive intended that both K & B and Plaintiff rely on its misrepresentations or concealments that the Automobile had not been declared a total loss or salvage vehicle.

44. Progressive's false misrepresentation or concealment of the status of the Automobile as a salvage vehicle was material in the purchase transaction involving Plaintiff.

45. Plaintiff relied upon the fact that a clean title had been issued to Progressive for the Automobile in its sale to K & B and subsequent sale to Plaintiff.

46. Progressive knew at the time of its false misrepresentation or concealment that the Automobile was declared a total loss or salvage vehicle.

47. Plaintiff had a right to rely upon the false misrepresentation or concealment that the Automobile had never been declared a total loss or salvage vehicle.

48. As a result of Plaintiff's reliance upon the false misrepresentations and concealments of Progressive, Plaintiff has been damaged.

49. The actions of Progressive, as aforesaid, were willful and wanton and in conscious disregard of the rights of Plaintiff and justify the imposition of punitive damages against Progressive.

WHEREFORE, Plaintiff prays for judgment in her favor on Count III and against Progressive Casualty Insurance Company for actual damages in the amount of $6,500.00, for punitive damages in an amount which is fair and reasonable, for her attorney's fees expended herein, and for such other and further relief as this Court deems just and proper.

## COUNT IV

Comes now Plaintiff, by and through her attorney, and for Count IV of her Petition against Progressive, hereby states as follows:

50. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 14 of the Facts Common to All Counts, Paragraphs 15 through 26 of Count I, Paragraphs 27 through 36 of Count II and Paragraphs 37 through 49 of Count III, as if set forth verbatim.

51. Upon information and belief, the Automobile was involved in an accident while driven by a previous owner, and was declared a total loss or salvage vehicle by Progressive.

52. At such time, Progressive had a duty under Section 301.227.1 RSMo. to apply for a salvage title for the automobile.

53. The duty imposed upon Progressive by Section 301.227.1 is mandatory.

54. Progressive breached its duty to all subsequent owners of the Automobile, including Plaintiff, by failing to apply for a salvage title for the Automobile.

55. As a result of Progressive's breach of its duty, Plaintiff purchased a vehicle from K & B which she otherwise would not have purchased, had Progressive applied for salvage title, as it was required to do.

56. The breach of duty by Progressive in failing to obtain a salvage title to the Automobile has caused damage to Plaintiff.

57. The actions of Progressive, as aforesaid, were willful and wanton and in conscious disregard of the rights of Plaintiff, which actions warrant the imposition of punitive damages against Progressive.

WHEREFORE, Plaintiff prays for judgment in her favor on Count IV and against Progressive Casualty Insurance Company for actual damages in the amount of $6,5000.00, punitive damages in an amount which is fair and reasonable, for her attorney's fees incurred herein and for such other further relief as this Court deems just and proper.

GUNN AND GUNN
A Professional Corporation

By _____
PATRICK J. BOYLE – 36943
Attorney for Plaintiff
11901 Olive Boulevard, Suite 312
P.O. Box 419002
St. Louis, Missouri 63141
314-432-4550 - 314-432-4489 fax
pjbatty@aol.com

CERTIFICATE OF SERVICE

A copy of this First Amended Petition shall be served this 17th day of August, 2021 upon counsel for Defendant K & B Auto Sales LLC by the Court's electronic filing system.

_____