Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE JUDGE DIVISION**

| | |
|---|---|
| **LILLIAN LOUISE MORGAN VOGT,** **individually and as the Representative of a class of similarly situated persons,** | |
| **Plaintiffs,** | Cause No.: 21SL-AC01922 |
| **v.** | Division: 37T |
| **K & B AUTO SALES LLC** | **JURY TRIAL DEMANDED** **ON ALL COUNTS** |
| **and** | |
| **PROGRESSIVE CASUALTY INSURANCE COMPANY,** | |
| **Defendants.** | |

**SECOND AMENDED PETITION**

This is a case involving the sale of thousands of salvage vehicles for which a major insurance company fraudulently obtained clean titles in violation of Missouri law. Plaintiff Lillian Louise Morgan Vogt ("Plaintiff") brings the following class action requesting injunctive relief and damages, to ensure consumers and the public are protected from further fraudulent activity and dangerous vehicles on the roads.

Plaintiff, individually and as the Representative of a class of similarly situated persons, states as follows for her individual claims against Defendant K & B Auto Sales LLC ("K & B") and the claims of the class and herself against Defendant Progressive Casualty Insurance Company ("Progressive"):

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff is a citizen and resident of Missouri.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

2.    K & B is a Missouri company with its principal place of business in Missouri.

3.    Progressive is a foreign insurance company.

4.    Defendants conduct substantial and continuous business activity in the State of Missouri and derive substantial and continuous revenue from its business activities in the State of Missouri and are therefore subject to the jurisdiction of this Court.

5.    Venue is proper in the Circuit Court of St. Louis County because Plaintiff Vogt was first injured by Defendants in St. Louis County.

**FACTUAL ALLEGATIONS**

6.    On or about October 27, 2020, in St. Louis County, Missouri, K & B sold to Plaintiff a 2014 Dodge Grand Caravan automobile, bearing vehicle identification number 2C4RDGCG6ER352610 (the "Automobile").

7.    The purchase price paid by Plaintiff to K & B for the Automobile was Six Thousand Five Hundred Dollars ($6,500.00).

8.    The Automobile was purchased by Plaintiff for personal use.

9.    Shortly after Plaintiff had purchased the Automobile from K & B, Plaintiff noticed that the Automobile was not performing as expected.

10.    Plaintiff took the Automobile to Auto Evaluators, Inc. ("AEI") to have it evaluated.

11.    Plaintiff was informed by AEI, and received written proof, that the Automobile had been in a crash and had been declared a total loss by Progressive on June 16, 2020, just over four (4) months prior to the sale to Plaintiff.

12.    Progressive had previously purchased the Automobile for salvage, dismantling or rebuilding.

13.    Progressive declared the Automobile salvage.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

14.     Progressive had a duty under Section 301.227.1 of the Revised Statutes of Missouri, to obtain a salvage title because the automobile was sold for salvage, dismantled or rebuilt vehicle.

15.     Progressive, despite its duty under Section 301.227.1 of the Revised Statutes of Missouri, failed to obtain a salvage title or disclose the status of the Automobile as a salvage, dismantled or rebuilt vehicle.

16.     On August 12, 2020, a clean title to the Automobile was issued to Progressive.

17.     Progressive sold the Automobile with a clean title and without disclosing it was a salvage vehicle.

18.     Further, K & B failed to disclose the Automobile was a salvage vehicle to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020.

19.     Upon information and belief, Progressive has obtained clean titles for salvage, dismantled or rebuilt vehicles, and represented that the salvage vehicles it sells have an original or clean title, in this manner thousands of times.

## CLASS ALLEGATIONS

### Class Definitions

20.     Plaintiff Vogt brings this action on her own behalf and, pursuant to Mo. Sup. Ct. R. 52.08, as a class action on behalf of a Missouri class of persons defined as:

**Proposed Class:** All individuals who purchased a vehicle for personal, family or household use which Progressive had previously purchased in Missouri for salvage, dismantling or rebuilding, when the vehicle was less than seven years old, and damaged, but for which Progressive failed to obtain a salvage certificate (the "Class").

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

## RULE 52.08(a)

### Numerosity

21.    The members of the class are so numerous that joinder of all members is impracticable.  On information and belief, the class consists of at least thousands of consumers. The class is, however, ascertainable as the vehicles purchased by class members (the "vehicles") can be identified in business records maintained by Progressive.

### Commonality

22.    The questions of law and fact common to the class include, *inter alia*:

    (a)    Whether Progressive failed to disclose the status of vehicles purchased by the class members as salvage, dismantled or rebuilt vehicles;

    (b)    Whether Progressive's conduct in failing to disclose the status of the aforesaid vehicles violates Missouri's Uniform Commercial Code; and,

    (c)    Whether Progressive's conduct in failing to disclose the status of the aforesaid vehicles is an unlawful act under the Missouri Merchandising Practices Act.

### Typicality

23.    The named Plaintiff and members of the class each have a tangible and legally protectable interest at stake in this action.

24.    The claims of the named class representative and the absent class members have a common origin and share a common basis.  Their claims originate from the same practices by the same defendant.

25.    The proposed class representative states claims for which relief can be granted that are typical of the absent class members.  If brought and prosecuted individually, the claims of each

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

26.    The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interest of absent class members to ensure that the universal claims of the class will be prosecuted with diligence and care by the Plaintiff as representative of the class.

**Adequate Representation**

27.    The named Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto.  The Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly or irrevocably conflict with, the interests of other members of the class.  The self-interests of the named class representative are co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to truly protect the interests of the absent class members.

28.    The named Plaintiff has engaged the services of counsel indicated below.  Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representatives and absent class members.

**RULE 52.08(b)(1)**

29.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

be the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the plaintiff class.

30.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

**RULE 52.08(b)(2)**

31.     Progressive has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

**RULE 52.08(b)(3)**

32.     The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

(a)     Individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake;

(b)     There has been very little litigation over the controversies herein;

(c)     The proposed class is manageable; and

(d)     A Missouri venue is appropriate to hear claims arising under Missouri law.

**COUNT I**
**RECISSION – PLAINTIFF VOGT AGAINST K & B**

34.     Plaintiff Vogt incorporates the above allegations as though fully set forth herein.

6

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

35.     K & B was aware, or should have been aware, of the damage to the Automobile, and the fact that it had been declared a total loss by Progressive, prior to selling the Automobile to Plaintiff.

36.     K & B had a duty to disclose to Plaintiff the prior damage and history of the Automobile.

37.     K & B was aware, or should have been aware, of the history and prior damage to the Automobile and failed to disclose it to Plaintiff.

38.     K & B concealed the prior history and damage to the Automobile from Plaintiff.

39.     Such concealment by K & B was material.

40.     K & B intended that Plaintiff would rely on its concealment of the history and damage to the Automobile.

41.     Plaintiff was ignorant of the history and condition of the Automobile.

42.     Plaintiff had a right to rely upon, and did rely upon, K & B's representations regarding the Automobile, which included K & B's concealment of the history and condition of the Automobile.

43.     K & B also made specific representations to Plaintiff about the quality of the Automobile and its history.

44.     Plaintiff was damaged by her reliance on the statements, representations and concealments of K & B.

45.     Due to the actions of K & B, Plaintiff is entitled to rescind the Contract for the sale of the Automobile.

WHEREFORE Plaintiff Vogt, individually, prays for judgment against K & B for the rescission of the Contract for the sale of the Automobile and that Plaintiff shall be entitled to a

refund in the amount of Six Thousand Five Hundred Dollars ($6,500.00) from K & B Auto Sales

LLC, that K & B Auto Sales LLC shall be entitled to possession of the Automobile, and for such

other and further relief as this Court deems just and proper.

## COUNT II
## MMPA – PLAINTIFF VOGT AGAINST K & B

46.     Plaintiff Vogt incorporates the above allegations as though fully set forth herein.

47.     This action is brought pursuant to Missouri's Merchandising Practices Act set forth

in Mo. Rev. Stat. §§ 407.010 to 407.130.

48.     The actions of Defendant K & B set forth above constitute unlawful practices as

defined by Mo. Rev. Stat § 407.020 in that they were deceptive and fraudulent, and were

intentional concealments, suppressions, and omissions of material facts.

49.     K & B concealed the history and condition of the Automobile from Plaintiff Vogt

at the time of its sale on October 27, 2020.

50.     The history and condition of the Automobile were material facts in the sale

transaction.

51.     Plaintiff acted as a reasonable consumer in light of all circumstances in relying

upon the representations and concealments of K & B regarding the Automobile.

52.     The actions of K & B at the time of the sale would cause a reasonable person to

enter into the sale transaction for the Automobile.

53.     As a result of K & B's representations and concealments, Plaintiff Vogt was

damaged.

54.     K & B's actions showed complete indifference to or conscious disregard for the

safety and rights of others.

55.     K & B's actions showed flagrant disregard for the safety and rights of others.

8

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

56.    K & B's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually, prays for judgment in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses she suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for her costs incurred herein, for an award of her attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, for equitable relief including injunctive relief, for punitive damages and for such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

57.    Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

58.    Progressive owed a duty to Plaintiff Vogt and the Class to act with ordinary care to prevent harm to Plaintiff and the Class.

59.    Progressive failed to exercise such care thereby breaching its duty in one or more of the following ways:

   a.    Failing to disclose the history of salvage, dismantled or rebuilt vehicles purchased by the Class members;

   b.    Failing to apply for salvage titles for vehicles purchased by the Class members;

   c.    Failing to obtain salvage titles for vehicles purchased by the Class members;

   d.    Transferring salvage, dismantled or rebuilt vehicles in the stream of commerce with clean titles; and,

   e.    Such further negligence as discovery will reveal.

60.    As a direct and proximate result of the aforesaid negligent acts of Progressive, Plaintiff Vogt and the Class suffered damages.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

61.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

62.    Progressive's actions showed flagrant disregard for the safety and rights of others.

63.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages, and for any further relief this Court deems just and proper.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION –**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

64.    Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

65.    Progressive had a duty to accurately represent and disclose material information to Plaintiff Vogt and the Class.

66.    Progressive failed to exercise reasonable care in supplying Plaintiff and the Class with material information, and as a result breached its duty and made material misrepresentations to Plaintiff and the Class in the regular course of business regarding the automobiles Plaintiff and the Class purchased.

67.    In particular, Progressive failed to exercise reasonable care and, as a result, represented that the vehicles purchased by Plaintiff Vogt and the Class were not salvage vehicles.

68.    The information supplied by Progressive regarding these matters was false.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

69.    These representations were material to Plaintiff Vogt and the Class members' decisions to purchase the vehicles.

70.    As a direct and proximate result of their reliance on Progressive's negligent misrepresentations, Plaintiff Vogt and the Class members have suffered damages.

71.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

72.    Progressive's actions showed flagrant disregard for the safety and rights of others.

73.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

## COUNT V
## NEGLIGENCE PER SE -
## PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

74.    Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

75.    At the time Progressive titled and sold the vehicles there existed, and continues to exist today, a statute (Mo. Rev. Stat. § 301.227.1) requiring Progressive to obtain a salvage certificate of title for salvage, dismantled or rebuilt vehicles.

76.     Progressive violated the statute by failing to obtain salvage titles.

77.    As downstream purchasers of the vehicles, Plaintiff Vogt and the Class members

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

are within the class of persons intended to be protected by the statute.

78.     As a direct and proximate result of the violation of said statute, Plaintiff Vogt and the Class members suffered damages.

79.     The losses and injuries to Plaintiff Vogt and the Class members are of a kind the statute were designed to prevent.

80.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

81.     Progressive's actions showed flagrant disregard for the safety and rights of others.

82.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the Class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

### COUNT VI
### FRAUDULENT MISREPRESENTATION –
### PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

83.     Plaintiff Vogt, individually and on behalf of the Class, incorporates the above allegations as though fully set forth herein.

84.     Progressive knowingly made false representations about the vehicles, including that the vehicles were not salvage, dismantled or rebuilt vehicles.

85.     Progressive knew that these representations were false at the time they were made.

86.     Progressive intended that Plaintiff Vogt and the Class rely upon and believe these representations.

87.     Plaintiff Vogt and the Class did not know that these representations were false.

88.     Plaintiff Vogt and the Class had a right to rely upon these representations.

89.     Plaintiff Vogt and the Class reasonably and justifiably relied upon these representations.

90.     These representations were material to Plaintiff Vogt and the Class's decision to purchase the vehicles.

91.     As a direct result of their reliance upon these representations, Plaintiff Vogt and the Class were caused to suffer damages.

92.     Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

93.     Progressive's actions showed flagrant disregard for the safety and rights of others.

94.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT VII**
**MMPA – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

95.     Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

96.    This action is brought pursuant to Missouri's Merchandising Practices Act set forth in MO. REV. STAT. §§ 407.010 to 407.130.

97.    The actions of Progressive set forth above constitute unlawful practices as defined by MO. REV. STAT § 407.020 in that they were deceptive and fraudulent, and were intentional concealments, suppressions, and omissions of material facts.

98.    Progressive concealed the history and condition of the vehicles from Plaintiff Vogt and the Class.

99.    The history and condition of the vehicles were material facts in the sale transactions.

100.    Plaintiff Vogt and the Class acted as reasonable consumers in light of all circumstances in relying upon the representations and concealments of Progressive regarding the vehicles.

101.    The actions of Progressive at the time of the sale would cause a reasonable person to enter into the sale transaction for the vehicles.

102.    As a result of Progressive's representations and concealments, Plaintiff Vogt and the Class were damaged.

103.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

104.    Progressive's actions showed flagrant disregard for the safety and rights of others.

105.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the Class, prays for judgment in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they suffered, for

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for an award of their attorney's fees in accordance with Section 407.025 of the Revised Statutes of Missouri, for equitable relief including injunctive relief, for punitive damages and for such other and further relief as this Court deems just and proper.

### COUNT VIII
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DESCRIPTION – PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

106.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

107.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-314.

108.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

109.    Progressive violated Missouri's Uniform Commercial Code because the vehicles were not such as would pass without objection in the trade under the contract description and based on course of dealing or usage of trade.

110.    Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

111.    The vehicles were therefore defective and unmerchantable at the time of sale.

112.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

113.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

114.    Progressive's actions showed flagrant disregard for the safety and rights of others.

115.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

15

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT IX**
**BREACH OF WARRANTY OF TITLE -**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

116.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

117.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-312.

118.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

119.    Progressive violated Missouri's Uniform Commercial Code because the vehicles did not have good title as a result of Progressive's misrepresentations and fraudulent actions.

120.    Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

121.    The vehicles were therefore defective and unmerchantable at the time of sale.

122.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

123.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

124.    Progressive's actions showed flagrant disregard for the safety and rights of others.

125.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

## COUNT X
## BREACH OF EXPRESS WARRANTY –
## PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE

126.    Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

127.    This action is brought pursuant to Missouri's Uniform Commercial Code set forth in MO. REV. STAT. §§ 400.2-313.

128.    Progressive is a Merchant as defined by MO. REV. STAT. §400.2-104.

129.    Progressive violated Missouri's Uniform Commercial Code because it expressly warranted that the vehicles were not salvage, dismantled or rebuilt vehicles.

130.    Plaintiff Vogt and the Class relied on the express warranty of Progressive in purchasing and using the vehicles.

131.    The vehicles were therefore defective and unmerchantable at the time of sale.

132.    As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

133.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

134.    Progressive's actions showed flagrant disregard for the safety and rights of others.

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

135.     Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for their costs incurred herein, for punitive damages and for any further relief this Court deems just and proper.

**COUNT XI**
**BREACH OF MAGNUSON MOSS WARRANTY ACT–**
**PLAINTIFF AND CLASS MEMBERS AGAINST PROGRESSIVE**

136.     Plaintiff Vogt and the Class incorporate the above allegations as though fully set forth herein.

137.     This action is brought pursuant to the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301-2312 as a result of Progressive's aforesaid actions in violating Missouri law, including Missouri's Uniform Commercial Code, MO. REV. STAT. §§ 400.2-314(3).

138.     Progressive's actions are a violation of the Magnuson Moss Warranty Act because the vehicles were not such as would pass without objection in the trade under the contract description and based on course of dealing or usage of trade.

139.     Plaintiff Vogt and the Class relied on the representations, skill, and judgment of Progressive in purchasing and using the vehicles.

140.     The vehicles were therefore defective and unmerchantable at the time of sale.

141.     As a direct and proximate result of the breach of said warranty, Plaintiff Vogt and the Class suffered damages.

142.     No opportunity to cure under 15 USC 2310(e) is required in this case because Progressive misrepresented the status of the vehicle as having a clean title. A Defendant cannot

18

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

cure the sale of a vehicle with an improper, voidable or void title.

143.    Progressive's actions showed complete indifference to or conscious disregard for the safety and rights of others.

144.    Progressive's actions showed flagrant disregard for the safety and rights of others.

145.    Progressive's actions fraudulent and intentional actions show an intent to harm others.

WHEREFORE Plaintiff Vogt, individually and on behalf of the class, prays for judgment against Progressive in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) for the harms and losses they have suffered, for pre and post-judgment interest at a rate allowed by Missouri law, for attorneys' fees, for their costs incurred herein, for equitable relief including injunctive relief, for punitive damages and for any further relief this Court deems just and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:    */s/ Kevin M. Carnie Jr.*
       John G. Simon, #35231
       Kevin M. Carnie Jr., #60979
       Patrick R. McPhail, #70242
       800 Market Street, Ste. 1700
       St. Louis, MO 63101
       jsimon@simonlawpc.com
       kcarnie@simonlawpc.com
       pmcphail@simonlawpc.com
       Phone:  314-241-2929
       Fax:  314-241-2029
       ***Attorneys for Plaintiff***

Electronically Filed - St Louis County - February 09, 2022 - 02:43 PM

**GUNN AND GUNN**
**A Professional Corporation**

By:    */s/ Patrick Boyle*
        PATRICK J. BOYLE - 36943
        Attorney for Plaintiff
        11901 Olive Boulevard, Suite 312
        P.O. Box 419002
        St. Louis, MO 63141
        314-432-4550 – 314-432-4489 fax
        pjbatty@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2022, the foregoing was electronically filed with the St. Louis County Circuit Clerk using the Missouri Electronic Document Management System, which sent notification to all attorneys of record.

*/s/ Kevin M. Carnie, Jr.*