UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIAN LOUISE MORGAN VOGT, individually and as the Representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff(s), | ) ) | Case No. 4:22-cv-00385-SRC |
| v. | ) ) | |
| K&B AUTO SALES, LLC, et al., | ) ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

After the used minivan Lillian Vogt purchased did not work as expected, she discovered

that it had been totaled in a crash just four months before.  Believing that K&B Auto and

Progressive each fraudulently concealed the damage to the minivan, Vogt filed this lawsuit in

state court, and Progressive removed the case.  K&B moves to dismiss, arguing that Vogt's

allegations against it, even if true, fail to state a claim.  The Court agrees and grants the motion.

**I.      Background**

For purposes of the motion to dismiss, the Court accepts as true the following well

pleaded facts.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In October 2020, Vogt

purchased a 2014 Dodge Grand Caravan from K&B Auto Sales, LLC for $6,500.00.  Doc. 7 at

¶¶ 6–7.  After noticing the minivan was "not performing as expected," Vogt had it evaluated and

learned that it had been involved in a crash in June 2020.  *Id.* at ¶¶ 10–11.  After that crash,

Progressive Casualty Insurance Company declared the minivan a total loss and purchased it for

salvage.  *Id.* at ¶¶ 11–13.  Despite the minivan's history, Progressive obtained a clean title and

sold the minivan without disclosing that "it was a salvage vehicle."  *Id.* at ¶¶ 16–17.  Though

Vogt does not allege how K&B obtained the minivan, Vogt does claim that K&B sold it to her in

October 2020 without identifying it as a "salvaged vehicle."  *Id.* at ¶ 18.

      Vogt filed this putative class-action lawsuit in state court, though she only brings

individual claims against K&B.  Doc. 7.  She directs counts 1 and 2 of her Second Amended

Complaint[1] at K&B.  In count 1, Vogt seeks recission of the contract for the sale of the minivan

and a refund of the $6,500.00 purchase price, based on her allegation that K&B fraudulently

misrepresented the minivan's history.  *Id.* at ¶¶ 34–45.  According to Vogt, "K&B was aware, or

should have been aware, of the history and prior damage" to the minivan, and, further, concealed

the minivan's history and damage from her.  *Id.* at ¶¶ 35, 37–38.  Vogt also claims K&B "made

specific representations to [Vogt] about the quality of the Automobile and its history."  *Id.* at

¶ 43.  In count 2, Vogt brings a claim under the Missouri Merchandising Practices Act

("MMPA"), Mo. Rev. Stat. §§ 407.010–407.130, seeking damages in excess of $25,000.00,

interest and costs, punitive damages, and injunctive relief.  Doc. 7 at ¶¶ 46–56.

      While the case was still in state court, K&B moved to dismiss, or in the alternative, for a

more definite statement.  After Progressive removed the case, Vogt responded to K&B's motion,

which is now ready for the Court's consideration.

## II.    Standard

      Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for

"failure to state a claim upon which relief can be granted."  The notice pleading standard of Rule

8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the

pleader is entitled to relief."  To meet this standard, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

---

[1] Vogt's "petition" in Missouri state court serves as the analog of a federal "complaint."

556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial

plausibility means the factual content of the plaintiff's allegations must "allow[] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park

Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting

*Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the

nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor

of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir.

2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal

theory, the Court must dismiss that claim for failure to state a claim upon which relief can be

granted. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a

cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678;

*Twombly*, 550 U.S. at 555.  Although courts must accept all factual allegations as true, they are

not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S.

at 555 (internal quotations and citation omitted).

**III.    Discussion**

K&B moves to dismiss counts 1 and 2 of Vogt's Second Amended Complaint for failure

to state a claim.  K&B argues that count 1 "fails to properly allege all essential elements of fraud,

fraudulent representation, fraudulent misrepresentation and/or fraudulent concealment."  Doc. 8

at ¶ 5.  K&B also contends that count 1 fails to identify:  (1) "the source of Defendant K&B's

duty regarding disclosure of the subject vehicle history;" (2) "how Defendant K&B concealed

the subject vehicle history known to K&B;" (3) "how Defendant K&B's duty arose regarding the

subject vehicle's history beyond acquiring and conveying a clean Missouri Certificate of Title

for the subject vehicle to Plaintiff;" and (4) "what specific representations were made by Defendant K&B to Plaintiff regarding the vehicle history." Doc. 8 at ¶ 6. K&B similarly argues that count 2 "fails to detail or adequately specific [sic] all elements of fraud and the particular damages Plaintiff is claiming were caused to Plaintiff by the alleged action and/or inaction of Defendant K&B." Doc. 8 at ¶ 7.

In response, Vogt argues that "fail[ing] to 'allege all essential elements' is no grounds for dismissal." Doc. 14 at p. 2 (citing *Iqbal*, 556 U.S. at 678). She also argues that her complaint—specifically her allegation that "K&B failed to disclose the Automobile was a salvage vehicle to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020—provides a "short and plain statement of the claim" and properly alleges the "who, what, where, when, and how" the alleged fraud occurred. *Id.* Further, Vogt claims that her reference to the MMPA in count 2 provides the source of K&B's common-law duty to disclose in count 1. *Id.*

In diversity cases the Court applies "federal pleading standards . . . to the state substantive law to determine if a complaint makes out a claim under state law." *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020) (quoting *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). The Court examines each of Vogt's claims in turn.

### A.    Count 1

In Missouri, a plaintiff attempting to prove a common-law fraud claim must show:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 132 (Mo. 2010) (citing

*Larabee v. Eichler*, 271 S.W.3d 542, 546 (Mo. 2008)).  "A plaintiff's failure to establish any one

of the essential elements of fraud is fatal to recovery."  *Renaissance*, 322 S.W.3d at 132 (citing

*Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 154 (Mo. 2007)).  The Supreme Court of

Missouri has not recognized fraudulent nondisclosure as a separate tort—rather, "a party's

silence in the face of a legal duty to speak replaces the first element:  the existence of a

representation."  *Hess v. Chase Manhattan Bank*, 220 S.W.3d 758, 765 (Mo. 2007) (citing *Andes*

*v. Albano*, 853 S.W.2d 936, 943 (Mo. 1993)).

        The allegations in count 1 correspond to the elements of fraudulent nondisclosure.  Vogt

asserts that:  (1) K&B knew of the damage to the minivan; (2) K&B was silent in the face of a

duty to disclose that information; (3) the concealment was material; (4) K&B intended for Vogt

to rely on the concealment; (5) Vogt was ignorant of the minivan's history; (6) Vogt relied on

K&B's representation about the minivan; (7) Vogt had a right to rely on K&B's representations;

and (8) Vogt "was damaged by her reliance on the statements, representations, and concealments

of K&B."  Doc. 7 at ¶ 35–45.

        But the Court need not, and does not, accept as true Vogt's conclusory allegation that

"K&B had a duty to disclose to Plaintiff the prior damage and history of the Automobile."  Doc.

7 at ¶¶ 36; *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Under Missouri law:

> In nondisclosure cases, a party's silence amounts to a representation where
> the law imposes a duty to speak. *Andes*, 853 S.W.2d at 943.  "Whether or not a duty
> to disclose exists . . . must be determined on the facts of the particular case."
> *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 720 (Mo. Ct. App. 1995).
> A duty to speak arises where one party has superior knowledge or information that
> is not reasonably available to the other.  *Andes*, 853 S.W.2d at 943.  "Silence can
> be an act of fraud where matters are not what they appear to be and the true state of
> affairs is not discoverable by ordinary diligence."  *Bayne v. Jenkins*, 593 S.W.2d
> 519, 529 (Mo. 1980).

*Hess*, 220 S.W.3d at 765.  Vogt fails to allege any facts supporting her duty-to-disclose

allegation; for example, she does not allege that K&B had superior information, or that the

damage to the minivan was not discoverable by ordinary diligence.  And her allegation that

Progressive sold the minivan to K&B "with a clean title and without disclosing it was a salvage

vehicle," Doc. 7 at ¶ 17, weakens, rather than supports, K&B's having superior information.

Vogt argues, without support, that the MMPA—under which she brings her second

count—serves as the source of K&B's common-law duty to disclose, since the MMPA requires

K&B to refrain from "the omission of any material fact in connection with the sale or

advertisement of any merchandise in trade or commerce."  Doc. 14 at p. 2 (citing Mo. Rev. Stat.

§ 407.020).  But Vogt's reference to the MMPA in count 2 does not satisfy the requirement to

plausibly allege facts supporting K&B's common-law duty to disclose in count 1, because the

elements are not the same.  For example, the Supreme Court of Missouri observed in *Hess* that

the MMPA's definition of "'material fact' . . . is broader than the materiality requirement of

common law fraud," and the MMPA's definition of "*omission* of a material fact . . . imposes a

broader duty on sellers than the common law imposes for fraud liability . . . ."  220 S.W.2d at

773–74.  For these reasons, the Court finds that Vogt fails to establish the first element of

fraudulent nondisclosure.

## B.     Count 2

Incorporating all of her earlier allegations, in count 2 Vogt claims that K&B violated the

MMPA, which broadly prohibits "[t]he act, use or employment by any person of any deception,

fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment,

suppression, or omission of any material fact in connection with the sale or advertisement of any

merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.  The MMPA creates a

private right of action.  § 407.025.

In diversity cases like this one, MMPA claims must satisfy the particularity requirement

of Rule 9(b).  *See, e.g., Johnsen v. Honeywell Int'l Inc.*, No. 14CV594, 2015 WL 631361, at *9

(E.D. Mo. Feb. 12, 2015) ("In MMPA actions, courts apply the particularity requirements of Fed.

R. Civ. P. 9(b) pertaining to fraud.").  This particularity requirement "demands a higher degree

of notice than that required for other claims," and "is intended to enable the defendant to respond

specifically and quickly to the potentially damaging allegations."  *U.S. ex rel. Joshi v. St. Luke's

Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quoting *U.S. ex rel. Costner v. United States*, 317

F.3d 883, 888 (8th Cir. 2003)).

"To satisfy the particularity requirement of Rule 9(b), the complaint must plead such

facts as the time, place, and content of the defendant's false representations, as well as the details

of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and

what was obtained as a result."  *Id.* (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 2012 (11th

Cir. 2005); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).  In

other words, "the complaint must identify the 'who, what, where, when, and how' of the alleged

fraud." *Id.* (citing *Costner*, 317 F.3d at 888).  Further, "[a]lthough Rule 9(b) allows general

allegations of knowledge and intent, "'generally' is a relative term. . . . [Rule 9(b)] does not give

[a pleader] license to evade the less rigid—though still operative—strictures of Rule 8."

*OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 851 F.3d 800, 804 (8th Cir. 2017)

(alterations in original) (quoting *Iqbal*, 556 U.S. at 686–87).

In *Neubauer v. FedEx Corp.*, Neubauer alleged that FedEx fraudulently induced

Neubauer to enter into contractual agreements with FedEx and execute releases.  849 F.3d 400,

406 (8th Cir. 2017).  The Eighth Circuit affirmed the district court's dismissal of Neubauer's fraud claims, finding that Neubauer's amended complaint was "replete with general statements and conclusory allegations" and that Neubauer had "failed to plead fraud with the specificity required by Rule 9(b)."  *Id.* at 406–07.  The Eighth Circuit noted that while the amended complaint alleged that "Neubauer relied on 'vague and misleading' statements with respect to how much control FedEx would exercise over contractors," Neubauer "never detailed the content of these statements."  *Id.* at 406.  And while the amended complaint alleged "that FedEx made 'knowing misrepresentations and omissions of material fact' to induce Neubauer to 'purchase PSAs' and 'deceive[d]' Neubauer into signing the [contracts and releases]," the Eighth Circuit found that "[t]hese broad claims are just the type of 'shotgun-style allegations'" that it has "dismissed for failure to plead with specificity" in other cases.  *Id.* at 407 (citing *Quintero Cmty. Ass'n Inc. v. F.D.I.C.*, 792 F.3d 1002, 1011–11 (8th Cir. 2015)).

Here, Vogt's allegations against K&B are similarly "replete with general statements and conclusory allegations" that "fail[] to plead fraud with the specificity required by Rule 9(b)." *See id.* at 406–07.  For example, Vogt claims that "K&B failed to disclose the Automobile was a salvage vehicle to Plaintiff when it sold the Automobile to Plaintiff on October 27, 2020."  Doc. 7 at ¶ 18.  But as noted above, Vogt alleges that "Progressive sold the Automobile with a clean title and without disclosing it was a salvage vehicle," Doc. 7 at ¶ 17, and does not allege any facts making it possible for the Court to infer that K&B knew that the minivan was salvaged.

Vogt fails to allege the "who"—the identity of the person or persons making the misrepresentation.  Vogt only alleges generally that "K&B failed to disclose that the Automobile was a salvage vehicle"; that "K&B concealed the prior history and damage to the Automobile"; that "K&B intended that Plaintiff would rely on its concealment; that "K&B also made specific

8

representations to Plaintiff about the quality of the Automobile and its history"; and that "K&B concealed the history and condition of the Automobile . . . ."  Doc. 7 at ¶¶ 18, 38, 40, 43, 49; *see, e.g.*, *Ascente Bus. Consulting, LLC v. DR myCommerce*, 9 F.4th 839, 845 (8th Cir. 2021) ("It is not sufficient to attribute alleged false statements to 'defendants' generally." (citing *Trooien v. Mansour*, 608 F.3d 1020, 1030 (8th Cir. 2010))); *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013) (finding a complaint deficient under Rule 9(b)'s heightened pleading standard for, among other things, failing to identify names of employees who allegedly made fraudulent representations).

And to the extent that Vogt's claims rely on specific representations K&B employees made to her about the minivan's quality and history, Vogt also fails to identify the "what"—the content of those representations.  *See Neubauer*, 849 F.3d at 406 (citing *Joshi*, 441 F.3d at 556); *see also OmegaGenesis*, 851 F.3d at 807 ("A complaint grounded in fraud does not 'suffice if it tenders naked assertions devoid of further factual enhancement.'" (quoting *Quintero*, 792 F.3d at 1009)).  Rather, she merely asserts that she "was damaged by her reliance on the statements, representations, and concealments of K&B," Doc. 7 at ¶¶ 44, 53, without providing any factual detail.  Accordingly, the Court finds that count 2 fails to satisfy the particularity requirement of Rule 9(b).

Finally, Vogt concludes her brief by requesting, in the alternative, "leave to amend the Complaint to add any legally required detail."  Doc. 14 at p. 3.  However, Rule 7(b)(1) requires parties to request court orders by a written motion and "state with particularity the grounds for seeking the order" and "the relief sought."  And "[c]ourts do not construe a request for leave to amend in a brief as a proper motion for leave to amend."  *Thyssenkrupp Elevator Corp. v. Harlan Co.*, No. 18-CV-02100-SRC, 2021 WL 2476475, at *8 (E.D. Mo. June 17, 2021) (citing

*Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983)).  The Court therefore cannot, and does not, "rule on the question of amendment."  *See Wolgin*, 722 F.2d at 394.

The Court does note, however, the uphill climb Vogt faces in amending.  In *Iqbal*, the Supreme Court instructed district courts to "draw on [their] judicial experience and common sense" in assessing the plausibility of a pleader's allegations.  556 U.S. at 679.  Given the ready availability of vehicle-history reports such as CarFax (https://www.carfax.com/vehicle-history-reports/) that detail a car's accident, damage, and repair history, the Court observes that plausibly pleading the necessary elements of the claims asserted in the Second Amended Complaint may prove futile.  The Court, of course, leaves that question for another day.

**IV.     Conclusion**

Accepting as true all well pleaded factual allegations in Vogt's Second Amended Complaint and drawing all reasonable inferences in her favor, the Court finds that Vogt fails to plausibly allege a duty to disclose and therefore fails to state a common-law claim for fraud against K&B.  The Court also finds that Vogt fails to allege with particularity a claim against K&B under the MMPA.  Accordingly, the Court grants K&B's [8] Motion to Dismiss, dismissing counts 1 and 2 of Vogt's Second Amended Complaint.  The Court denies as moot K&B's alternative Motion for a More Definitive Statement.

So Ordered this 29th day of June 2022.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE